C. H. BERNHEIM v. T. R. WARING and D. G. MAXWELL.

*Practice—Jury Trial.*

It is the constitutional right of every litigant to have the issues of fact joined in the progress of his cause determined by a jury, except where he voluntarily waives the privilege ; and *therefore* a compulsory reference of such issues to the determination of a single person is *error*.

CIVIL ACTION commenced in Cabarrus and removed to and tried at January Special Term, 1878, of ROWAN Superior Court, before *Kerr, J.*

At Fall Term, 1876, the plaintiff moved for a reference to the clerk to state an account of partnership dealings between him and defendant, Waring, to ascertain the amount due plaintiff as alleged in his complaint. The defendant, Maxwell, was surety upon a bond of his co-defendant conditioned for the faithful performance of the partnership contract. The said motion was opposed by Maxwell, and thereupon an order was made as follows: " Referred to J. M. Horah, clerk, to state an account, not to prejudice D. G. Maxwell." The account was taken and filed at the subsequent term; to which no exceptions were either then or since made. Certain depositions tending to show that Waring did not owe plaintiff were considered by the referee in taking the account. When the case was called, the defendant, Maxwell, demanded that the issues be tried by a jury, after being refused leave to file exceptions to the referee's report. The Court declined to allow a jury trial and confirmed the report and gave judgment accordingly, and defendant, Maxwell, appealed.

*Mr. Kerr Craige,* for plaintiff.
*Mr. W. H. Bailey,* for defendant.

FAIRCLOTH, J. The constitution guarantees the right of trial by jury to every one, and no one can be deprived of it except by his or her consent. When this consent is once given and some other mode of trial is adopted in the due course of proceeding, the right is gone and the suitor can no more return to it; but until it is given or waived or lost by negligence it remains unimpaired by any order of Court or by any action of other parties.

In the present case defendant Maxwell opposed the mo-

tion for a reference to state the partnership account between Waring and the plaintiff. The reference, however, was made without prejudice to him, Maxwell. At Fall Term, 1877, the cause was continued and this record made: " Report of referee filed—open for exceptions." At the following special term of the Court held in January, being the first after the Fall Term, the defendant " Maxwell demanded a jury trial of the issues, having first asked leave to file exceptions to the report and been refused." His Honor refused the motion and confirmed the report and rendered judgment accordingly for the plaintiff. No reason is given why the defendant was not allowed to file exceptions to the report and have such material issues as were thereby raised submitted to a jury, and we are unable to see any ourselves. Counsel have urged in this Court that exceptions can be filed as a matter of right in the party, only at the term when the report is filed, and that after that time they may be filed or not at the discretion of the Court. If that be the rule it has no bearing in this case, for the reason that at Fall Term, 1877, when the report was filed it was left " open for exceptions " by the Court. This meant either that either party might subsequently put in exceptions as of that term and as a matter of right, or that the Court in its discretion would allow the parties to file exceptions at some future time, but at what time is not indicated. In either view the parties neither waived nor lost their right to file exceptions, because no laches will be imputed to any one who avails himself of time granted by the Court.

It is quite plain that defendant Maxwell from the outset intended to have his case submitted to a jury, and it is equally clear that he has not consented to any other mode of trial.

Error.

PER CURIAM.                              Judgment reversed.