Curia, per Waudlaw, J.
The process by which the jury attained the sum which they have found for the plaintiff, cannot be discovered, but the court cannot be so sure that the sum found is not due from the defendant, as to interfere with the verdict for that reason.
A discount was filed and not withdrawn ; but the matter of which notice was given could not have been received as a discount in this case, because it was a debt from the plaintiff to the defendant and his partners •, therefore, no evidence of discount was offered, and the case, (as this court knows from the report of the circuit judge,) went to the jury upon the question of payment. The case is then in effect as if no discount had been filed, and presents the question whether a plaintiff shall have judgment, who has sued in the general jurisdiction of the Court of Common Pleas for an amount which was there recoverable, when his demand had been reduced by partial payments before action brought, and upon the trial, involving the questions what was the amount of his demand, and what were those payments, a verdict for him has been rendered for an amount within the exclusive jurisdiction of a magistrate.
According to the practice as settled in Nance vs. Palmer, 2 Bail, 88, a non-suit cannot be ordered after this verdict for the plaintiff. Arrest of judgment, in strict technical propriety, cannot be ordered, if for no other reason, because the discount is yet part of the record. Yet *51 supposing it to be ascertained that a verdict has been rendered in a matter not within the jurisdiction of the court, must the court therefore consummate the usurpation by giving judgment 'l Perhaps such a verdict might well be considered as a verdict for the defendant, and upon rule an order to that effect be entered; but confining ourselves here to the motions which are made to arrest the judgment or set aside the verdict, a majority of the court are of opinion that the relief sought may be granted by an order to stay further proceedings, and that the case is a proper one for such an order.
The Act of 1824, 6 Stat. 289, by declaring “that the jurisdiction of justices of the peace,” (now called magistrates) “in matters of contract, to the amount of twenty dollars, shall be exclusive, with the same right of appeal,” as before, in effect, if not in terms, provides that no other court shall have original cognizance of such matters. The judgment of any other court in such a matter would be in disregard of the prohibition of the Act. Such judgment, if rendered by any inferior court, except the magistrate’s, would be examined and restrained by the court which has supervisory control over all inferior ones; and although the superior court may be subject to no restraint but its own sense of law and justice, and the intendments of the law would favor its judgment, yet even its judgment in such a matter would be unlawful, and would be disregarded by itself, if ever afterwards the truth could be made to prevail over the intendments of the law. The superior court is then especially bound to refrain from trespassing within the prohibited limits, and should weigh with scrupulous exactness $he objections to its own jurisdiction.
If this case had been within the summary jurisdiction of the court, and had been heard by the judge alone, and he had, after hearing the evidence on both sides, been of opinion that a sum less than $20 was due to the plaintiff, (not considering the discount,) the case of Sanders vs. Gage, Chev. 165, and cases there cited, shew that no decree for the plaintiff could have been pronounced, but a non-suit might have been ordered. That case establishes that the jurisdiction depends on the sum proved and not *52 upon the amount claimed, and confirms the authority of Nance vs. Palmer, before cited, to the point there actually decided — that a non-suit could not be ordered after the verdict. The cases of Levy vs. Roberts, 1 McC. 395, and Smith vs. McMasters, 3 McC. 288, and numerous cases in the English Courts cited in 2 Tidd Pr. (9th ed.) 959, shew that in questions of jurisdiction depending upon the amount involved, the amount proved is not the original debt, but the balance remaining after a reduction by partial payments, not by discount.
All attempts to confine small causes to the inferior courts would be vain, if the plaintiff’s allegation should be conclusive as to the amount sued for. The great complexity and importance of the questions which may be involved in settling a small balance, form no better excuse for taking a balance which is within the prescribed limit out of the exclusive jurisdiction, than would the difficulty of legal questions which might arise under any contract for a small amount, where there had been no payments. The plaintiff must be presumed to know what was originally due and what has been paid, and be held to resort to the proper tribunal accordingly, and every tribunal must be deemed competent to decide every question which may arise in the cases over which its jurisdiction is extended.
It is objected, however, that the verdict cannot be taken as conclusive evidence of the amount involved. The sum proved here depends, not, as in Sanders vs. Gage, upon the opinion of the judge, but upon the verdict of the jury. - The jury is that branch of the court whose province it is, regularly, to judge of the force of testimony, and whose duty is, in the summary process jurisdiction, delegated to. the judge, only by virtue of the consent of parties. ' A verdict is the ascertained truth, to which effect is given by the judgment of the court. If the court cannot, where the judge sits to decide facts as well as law, pronounce a judgment for twenty dollars, or any less sum, in a matter of contract, such judgment cannot be authorized by the intervention of a jury, when the judge has been informed by those whose duty it is by law to make the inquiry, that the sum which was due to the plaintiff, at the commence- *53 mcnt of the suit, is, without regard to any discount, less than twenty dollars.
Reference has been made to our Act of 1747, P. L. 214, which is refered to in 3 Stat. 694, but is not to be found in any subsequent volume of the Statutes at Large. It has been supposed that that Act, by taking away costs from recoveries under £20 currency ($12,24,) impliedly permits the recovery in the superior courts of any higher sum with costs. It did so, and perhaps it also authorized the recovery of any smaller sum without costs, but it has been modified by subsequent legislation. I think it is worth while to examine our legislation on this subject, as I am persuaded that from it, it will appear that the verdict is the true test of the amount, and that the Act of 1824 materially altered the former law.
The statutes 43 Bliz. c. 6, and 3 Jac. 1, c. 15, had used the terms, “if it shall appear to the judges that the debt or damages to be recovered shall not amount to 40s.” Under these the verdict was the test of the amount; 2 Tidd Pr. 954.
The Act of 1747 gave to the justices of the peace jurisdiction in matters of contract of every kind whatsoever, and in matters of damages for which the party complaining might have had an action of trespass, trover or slander, and provided that “all suits for the recovery of any debts, dues, damages or demands whatsoever, to the value of £20 or under, or for or by reason of any of the causes of action herein before mentioned, whereby it shall appear to the justices that the plaintiff has been damnified to no higher value, are hereby declared issuable, triable and determinable only before a justice or justices,” (of the peace) “as aforesaid, and in no court of pleas or. other judicature whatever.” “And if any person or persons who shall commence or prosecute any action, in any of the courts of law in this province, shall not recover above the sum of £20 current money, such person or persons shall lose all his, her or their costs of suit.”
The former clause would of itself have prohibited all courts, except the justices of the peace, from rendering judgment in any of the matters specified, for less than £20 currency; but the latter clause impliedly permitted the courts *54 of law to render judgment after verdict in such matters, subject only to the plaintiff’s loss of costs.
An Act of 1799, 7 Stat. 296, confined the jurisdiction of justices of the peace to matters of contract, and in these matters extended it to $20, but without words excluding the jurisdiction of other courts. It further provided that full costs should be allowed to plaintiffs in actions brought in the courts of law to try the right of title in any kind of property, if the right of property should be established and the verdict should be for any sum above $4. Under these provisions the courts of law had exclusive jurisdiction in matters of tort, and still had concurrent jurisdiction with the justices of the peace, if not in all matters of contract under $20, certainly in those between $12,24 and $20. It will be remarked that a decree in a sum pro. was always in practice regarded as equivalent to a verdict, sufficing, if above $4, to give to the plaintiff, when he established by his action title to property, a right to his costs.
The Act of 1824 took away the concurrent jurisdiction of the courts of law in matters of contract of or under $20. In actions involving such matters only, the title to property cannot be established. As the law now stands, the magistrates have exclusive jurisdiction in matters of contract of or under $20. In all matters of tort the courts of law have jurisdiction excluding that of the magistrates, but can award no costs if the recovery be under $12,24, unless where the title of property be established, and then, if the recovery be above $4.
It seems plain that reference is to be made to the sum to be recovered, in the inquiry concerning the jurisdiction, and that when the court of law has ascertained by the verdict that that sum is under $20, in a matter of contract, it has ascertained that it can give no judgment; just as in an action for a tort, if the verdict be under $12,24, and no right of property be established, it has ascertained that it can award no costs.
The decisions which have teen made, reducing costs in cases within the general jurisdiction of the court, to the standard of sum pro. costs where the sum pro. should have been resorted to, have been in general conformable to the *55 rules which reject cases for being within the exclusive jurisdiction of a magistrate. But it is to be observed that they depend not upon the stringent force of any law prohibiting such cases from being heard out of the sum pro. jurisdiction, but only on the discretionary power of the court to prevent unnecessary accumulation of costs. The circuit court Act of 1769, 7 Stat. 200, which creates the sum pro. jurisdiction, only enacts that it may be lawful for the judges to determine cases not exceeding £20 sterling, and not involving the title of land, upon petition in a summary way, but contains no words prohibiting the ordinary proceeding in any such case. A sound discretion may then be exercised in allowing full costs, where there appears good reason for the resort to the general jurisdiction, although the recovery may be of less than £20 sterling, as was done in Furman and Smith vs. Peay, 2 Bail. 612. Such reason, we have seen, it was held was not to be found in the bare circumstance that the plaintiff’s demand was originally above £20, if it had, before the commencement of the suit, been reduced below by payment and not by discount.
The practice of the courts of Westminister, under the various Acts of Parliament establishing courts of conscience or courts of requests, may well be consulted on this subject. See Tidd Pr. (9th ed.) 1 vol. 516; 2 vol. 959. It will be seen that various Acts contain special exceptions of persons and cases, but where there , are no such exceptions, although it is a constant rule that none of the Acts extend to cases where the debt, being originally above the limited amount, has been reduced below it by means of a set-off or tender, yet they do embrace cases where the reduction has been made by payments in part, or the defence of infancy, or the statute of limitations; that most of the Acts restrain the vexatious resort to the higher courts only by loss of costs, but some of them contain a prohibitory clause declaring that no action for any debt recoverable in the court of requests shall be brought against any person residing within the jurisdiction thereof in any other court whatever; that where the debt sued for is really within the limited jurisdiction, and is made to appear so before *56 verdict, the proceedings will be stayed ; that where costs only are to be affected, alter a verdict for the plaintiff for a sum within the limited amount, the court, taking the amount to be established by the verdict, will allow a suggestion to be filed on the roll, of the facts necessary to entitle the defendant to the benefit of the Act, and upon the establishment of such facts will deprive the plaintiff of his costs ; and that where there is a prohibitory clause, if no special mode of taking advantage of the Act be pointed out in it, the facts which bring a case within it may be given in evidence under the general issue, to non-suit the plaintiff or obtain a verdict against him; but after a verdict for the plaintiff in such a case, no suggestion to stay proceedings would be allowed, because the matter of such suggestion must be presumed to have been already heard and decided against the defendant.
As said by Lord Kenyon in Parker vs. Eldings, 1 East, 352, where a plaintiff failed as to part of his demand but proved himself entitled to £1 18s, “here is a general law, of which we are bound to take notice, which says that no action shall be brought against any person residing within the jurisdiction for any debt not amounting to 40s. and recoverable by virtue of that Act. The demand in question is of that sort. How then can we say that the plaintiff shall recover it, against the positive direction of the Act ? The public Act is part of the general law of the land, of which the plaintiff must be deemed to have notice, and therefore cannot object to being surprised. He must also know in fact with whom he contracted and on what account.”
The case before us is stronger than any under the English statutes) because here no evidence of any other fact is necessary to be added to the small sum found by the jury, to make a case within the exclusive jurisdiction. Upon proof of the sum within the limited amount, the defendant here was, upon the general issue, entitled to a verdict or a non-suit; and a verdict for such sum of itself shews a case upon which the court cannot proceed, and is in effect a verdict for the defendant — not establishing that nothing is due to the plaintiff’, but shewing that he must resort elsewhere for his debt.
*57 What might have been the result of a motion by the defendant to enter judgment on this verdict, as on a verdict for the defendant, it is needless now to inquire. But upon the motions which the defendant has made, this court is constrained to order that further proceedings in the case be stayed; and it is so ordered.
Richardson, Evans, Butler and Frost, JJ. concurred.