SCHULTZ, Appellant, vs. CATLIN, Respondent.

*January 14 — February 3, 1891.*

*(1, 2) Promissory note: Consideration: Duress by threats: Compounding felony.   (3) New trial: Misunderstanding of charge by jurors.*

1. A note signed by a sister because of threats by the payee to prosecute her brother for a crime, and in order to avoid such prosecution, cannot be enforced against her by such payee.   It is immaterial that the threats were not made directly to the sister, if they were intended to be communicated to her and were so communicated.

2. *It seems* that a note cannot be avoided on the ground that it was given to compound a felony, unless the felony is confessed or a prosecution therefor was commenced before the making of the note.   *Catlin v. Henton,* 9 Wis. 476.

3. Affidavits of jurors that they misunderstood the charge will not be received to impeach their verdict.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

The case is stated in the opinion.

For the appellant there was a brief by *J. Dobbs,* attorney, and *Duffy & McCrory,* of counsel, and oral argument by *J. H. McCrory.*

For the respondent there were briefs by *Runals & Dunlap,* attorneys, and *Colman & Sutherland,* of counsel, and oral argument by *A. E. Dunlap* and *Elihu Colman.*

LYON, J.    The action was brought in the municipal court of Ripon upon a joint and several promissory note for $500

and interest, dated July 9, 1883, made by defendant, *Phebe E. Catlin*, and her brother, to the plaintiff. The brother is not made a party to the action. The defenses to the note alleged in defendant's answer are that it was given (1) without consideration; (2) to compound a felony, which the brother was charged by the plaintiff to have committed; and (3) under duress of threats to prosecute him for the crime. The jury found specially the existence of all these vices in the note. A motion for a new trial was denied, and judgment for costs entered against plaintiff, from which he appeals.

The testimony proves that immediately before the note in suit was given the plaintiff accused the brother of defendant of stealing money from him from time to time, amounting in the aggregate to $1,000. This charge led to negotiations between them, which resulted in the giving of the note in suit. Plaintiff had no other claim against the brother, and none against the defendant. The testimony also tends to show that the plaintiff threatened to procure the arrest and punishment of the brother for the crime so charged upon him unless the note was given, and the same would not have been given but for the terror of both makers caused by such threats. The defendant, in her answer, denied the guilt of her brother; and he also denied it in his testimony as a witness. Because of such denials, on the authority of *Catlin v. Henton*, 9 Wis. 476, probably the special finding by the jury that the note was made and executed to compound a felony cannot be approved. It seems to have been held in that case that such a defense is not available unless the felony is confessed or a prosecution therefor commenced before the making of the note.

The testimony also tends to prove that there was no conversation between plaintiff and defendant in respect to the giving of the note, but plaintiff required of the brother defendant's signature thereto, and such requirement and the

alleged threats were communicated to her by her brother before she signed the note, as the plaintiff evidently intended they should be. The testimony is amply sufficient to support the findings that there was no valid consideration for the note, and that the makers gave it because of the plaintiff's threats to institute a criminal prosecution against her brother for the alleged larceny, and to avoid such prosecution. If the consideration of the note was an illegal one, or if there was no consideration therefor, collection thereof cannot be enforced. If the note was given because of the threats of plaintiff to prosecute the brother for the crime charged, and to avoid such prosecution, the defendant is not liable upon it. It is quite immaterial that such threats were not made directly to the defendant. They were made to her brother, with the intention on the part of plaintiff that they should be communicated to her, and they were so communicated. In some sense the brother was the agent of plaintiff to make such communication, and it is the same as though they were made to her by the plaintiff in person. Moreover, if the consideration of the note was that plaintiff would not prosecute the brother criminally, it was an illegal consideration, and vitiates the note. *Schultz v. Culbertson,* 46 Wis. 313. In such case it would be immaterial had the defendant signed it in ignorance of the real consideration. Hence, if either of the above findings is allowed to stand, it is sufficient to support the judgment. This brings us to determine whether or not any reversible error was committed on the trial.

The exceptions are very numerous, covering much that was said and done on the trial. Many of them are alleged as grounds for reversal. Those which affect only the question of compounding a felony, while some of them are probably well taken, are immaterial, for the reason already suggested. If the testimony, the charge of the court, and the finding of the jury on that subject be stricken from the

record, the remaining testimony and findings will abundantly support the judgment. Other exceptions go to the order of proof, which generally, and in this case, rests in the sound discretion of the court. Still others are to rulings on objections to testimony. These have been examined, and none are found which furnish any valid reason for disturbing the judgment. They require no special notice. There are also verbal criticisms on the charge, and technical objections to the procedure on the trial. These are not important, inasmuch as none of them go to the merits of the action, and they require no discussion. The exceptions to the charge to the jury (except those on the subject of compounding a felony, which have already been disposed of) are in accord with the views above expressed.

What constitutes such duress by threats as will vitiate a contract has been considered by this court in *Schultz v. Culbertson*, 46 Wis. 313; *Lefebvre v. Dutruit*, 51 Wis. 326; *Johnston Harvester Co. v. McLean*, 57 Wis. 258; *McCormick H. M. Co. v. Hamilton*, 73 Wis. 486. The subject is further discussed in numerous cases cited in 2 Greenl. Ev. (14th ed.), note *a* to § 301. These authorities fully establish the law of duress as above stated, and its applicability to this case.

It only remains to consider the order of the court denying a new trial. The motion was founded in part upon the affidavits of two of the jurors who decided the case. Each deposes that he "understood the charge of the court to be, in effect, that if the jury found any of the questions submitted to them favorably to the plaintiff or defendant, then all the other questions submitted to them should be answered so as to be consistent therewith; that, if deponent had not so understood the instructions of the court, he would not and could not have answered the questions as he did, and that deponent never discovered his mistake until some time after the jury were discharged." There is

In re Meyer.

nothing in the charge which justifies any man of ordinary capacity in thus misunderstanding it. Besides, these jurors cannot be heard to impeach their verdict in this manner. The court properly disregarded the affidavits.

*By the Court.*— The judgment of the municipal court is affirmed.