MARY L. TAYLOR, et al. v. SARAH SMITH, et al.

*Practice—Reference—Forfeit of Right of Trial by Jury.*

The demand for trial by a jury made when excepting to a referee's report must be confined to issues raised by the pleadings, and must specify the issue demanded to be tried by a jury, either by tendering a formal one or stating as clearly what it is as if it had been formally drawn and tendered, otherwise such right to a trial by jury will be forfeited.

CIVIL ACTION, tried before *Boykin, J.*, at Fall Term, 1895, of CRAVEN Superior Court. The purpose of the action (begun in the year 1869) was to subject the lands described in the complaint to the operation of a parol trust, in favor of the plaintiff and others, in the hands of Thompson G. Lane (now deceased) under the deed held by him purporting to convey the same to him in fee; the declarations of the trust being that the legal estate should be held by said Lane subject to a charge of $950 due to one John T. Lane, upon the payment and discharge of which, with the aid of the sisters and brothers of Thompson G. Lane, said land should be held in common by all the children of Spicer and Ada Lane, to-wit: Thompson G. and his brothers and sisters.

The case had been referred to O. H. Guion, Esq., and to his report both plaintiffs and defendants excepted. The first exception of the defendants referred to in the opinion was as follows:

"The defendants B. J. Smith and wife Sarah, except to the findings in article IV. as contrary to law and evidence, in that, it finds, that Thompson G. Lane, Mary Lane, Daniel Lane and Mason Lane worked on the lands described in the pleadings and jointly paid off and discharged the indebtedness due John T. Lane or that said

payments were made from the rents, issues and profits of the land and also that the value of the same was the sum of one hundred and twenty-five dollars per annum, during the period stated in said findings and also that such occupation began on the 21st of October, 1849, and continued up to and including the 21st of August, 1853, and said defendants demand a trial by jury of these issues and questions of fact."

The exceptions of the plaintiffs were overruled and his Honor "ordered and adjudged that the issues raised by the pleadings on the exceptions filed to said report by B. J. Smith and wife be submitted to a jury and that the action be continued for that purpose." From this judgment the plaintiffs appealed.

*Mr. W. D. McIver*, for plaintiffs (appellants).

*Messrs. De W. Stevenson* and *Shepherd & Busbee*, for appellee.

AVERY, J.: The first exception of the defendants B. J. Smith and wife was not sufficiently specific to entitle them to a trial by jury. Although a party may not have waived his demand for a jury trial at any previous stage of the proceedings, yet he may forfeit it by failing to indicate in his exception the particular issue, as distinguished from question, raised by the pleadings, and which he demands shall be tried by a jury. The demand must be confined to issues thus raised, and must specify the issue either by tendering a formal one, or stating as clearly what it is as if it had been formally drawn and tendered. *Keystone Driller Co.* v. *Worth*, decided at this Term, and same case 117 N. C., 515. The right of other parties to a speedy trial and to such notice as will enable them to prepare for it, is as much a fundamental one as that to a trial by jury, and the courts must so administer the law as to make the

THURBER v. LOAN ASSOCIATION.

two consistent.   One party cannot be allowed negligently or purposely to assert his right to trial by jury in such a way as unnecessarily to cause delay in meting out justice to his adversary.  *Keystone Driller Co.* v. *Worth, supra.* For the error in ordering a jury trial as to the questions raised by the first exception, the case must be remanded. The duty will now devolve upon the Judge of determining whether he will adopt the findings of the referee upon the questions, to which the first exception relates, or substitute others. for them.   The other exceptions' discussed may come up for hearing, upon appeal after all of the questions of law and of fact have been passed upon by the court below.

Error.    Remanded.