KEYSTONE DRILLER COMPANY v. W. E. WORTH, et al.

*Exceptions to Referee's Report — Practice — Right of Trial by Jury.*

Although, in case of a compulsory reference, a party may, in apt time, reserve his constitutional right to a trial by jury, at every stage of the proceeding, yet he may waive it by failing to set forth in his exceptions to the referee's report a specific demand for the trial of the precise issue of fact raised by the pleadings and passed upon by the referee in the finding excepted to.

---

CIVIL ACTION, heard before *Bryan, J.*, at January Term, 1896, of MECKLENBURG Superior Court. The same case was before this Court, at September Term, 1895, and is reported in 117 N. C. Reports, page 520, and upon being remanded to the court below the defendant Worth again moved for a trial by jury, upon issues tendered by him, and asked his Honor, as a matter of discretion, to grant a trial by jury upon the issues so tendered. His Honor refused the motion, holding, in conformity with the opinion of this Court, that defendant had waived his right of trial by jury, and set the case for hearing at March Term of MECKLENBURG Superior Court upon the defendant's exceptions to the referee's report. From this judgment and order the defendant Worth appealed.

*Messrs. Burwell, Walker & Cansler* and *H. W. Harris*, for plaintiff.

*Messrs. Clarkson & Duls* and *Jones & Tillett*, for defendant (appellant).

AVERY, J. : When this case was heard on appeal at the last Term, the Court held (117 N. C., 520, 521) that, though a party to an action in which a compulsory order of reference has been made may take the precaution to reserve in apt time his right of trial by jury at every previous stage of the proceeding, yet he may still waive it by omitting, when he files his exceptions to the referee's report, to set forth specifically " the points upon which he elects to demand a trial by jury." The exception, it was declared, must contain a definite and specific demand for the trial of an issue of fact raised by the pleadings and passed upon by the referee in the finding excepted to. The ruling of the Court rested upon the principle that even this constitutional privilege must be asserted in such a manner as to show a due regard for the rights of others. The Constitu-

tion provides (Art. I, Sec. 35) that " all courts shall be open and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law and right, and justice administered without sale, denial *or delay.* An adversary party ought not to be delayed in the final adjudication of the controversy by the fact that the exceptions are so drawn as to take two chances, first of a favorable decision by the court and then of a finding in his favor by the jury. Nor ought he to be delayed because the demand for a jury trial fails to point out the precise issue as to which testimony must be offered. The exception ought either to embody a formal issue arising out of the pleadings and covered by the adverse finding, or it ought plainly and unmistakably to point out the terms of the inquiry that it is proposed to submit to the jury. With such specific knowledge of the nature of the demand the adversary party, if he see that the issue is one raised by the pleadings, can prepare to meet the question by proper proof. Had the defendant here, when he filed his exceptions to the report, indicated the specific points upon which he demanded that the jury should pass, the plaintiff would doubtless have been ready to meet him, and the trial would have been had at the time when the report of the referee first came up for consideration.

This is not the first time that counsel, apparently at least, have sought the benefit of a rehearing under the guise of asking the court to explain its ruling. If defendant's counsel had embodied the issue tendered, when the case was called for a hearing, in the exceptions to the report in order to show the precise nature of his demand, he would have been entitled to claim a trial upon such of them as were raised by the pleadings and adversely found by the referee, as he seems to have asserted his right up to that time.

The Judgment is Affirmed.