State on Relation of SAMANTHA C. WILSON v. CLARA M. FEATHERSTONE et al.

*Action on Administrator's Bond—Right to Trial by Jury, How Reserved—Exceptions to Referee's Report.*

1. Every litigant has the constitutional right of trial by jury unless he voluntarily waives it, and, in case of a compulsory reference made to facilitate the trial of a cause, he can renew his demand for a jury trial by excepting to the report of the referee and pointing out the findings so excepted to as a basis for issues.

2. Exceptions to a referee's report made the basis of a demand for a trial by jury should be explicit enough for the opposing party to see clearly what the issue will be, so as to prepare to meet it with his evidence.

3. Where the gist of an action was as to the ownership of moneys in the hands of R at decedent's death, and, on a compulsory reference the referee found adversely to defendant, who had properly reserved his right to a trial by jury at every previous stage of the proceedings, an exception that the referee should have found that decedent merely deposited the money with R for safe keeping, as such deposits are made with a bank, and that R held the money as such depositary, sufficiently showed what the issue for the jury would be, and entitled the defendant to a jury trial demanded by him on such exception.

CIVIL ACTION, brought by the State, on relation of S. C. Wilson, widow of John W. Wilson, on the administration bond of the defendant, Clara M. Featherstone, heard on exceptions to the report of a referee at December Term, 1896, of BUNCOMBE Superior Court.

On the minute docket of the court, where the error of reference was entered, the following entry was made below the order: "The defendant objects and reserves his objection," and upon the hearing before the referee he made an entry as follows: "Defendants here made objection again to the reference and do not waive a jury trial of the issues in the case." The defendants filed eight exceptions to the referee's report and demanded a jury trial on four of them.

His Honor ordered a trial by jury of the issues raised by the pleadings and exceptions to the referee's report, and plaintiff appealed.

*Messrs. Merrimon & Merrimon*, for plaintiff (appellant).
*Messrs. Jones & Barnard* and *T. H. Cobb*, for appellee.

FAIRCLOTH, C. J.: In all controversies respecting property the parties are entitled to a trial by jury. Const. Art. 1, Sec. 19. In all issues of fact joined in any court the parties may waive a jury trial and submit the findings of fact to the Judge. Const. Art. IV, Sec. 13. All such issues may be referred for trial by consent of parties, *The Code*, Sections 420 and 423, and the court may order a compulsory reference on its own motion, Section 421.

In the case before us a compulsory reference was ordered, and on the trial before the referee the defendants repeated their demand for a jury trial. The referee tried the case and reported his findings of fact and law, and the defendants excepted to the findings of fact, and renewed their exception to the reference and demanded a jury trial. At the conclusion of each exception to certain findings of fact, the defendants reiterated their demand for a jury trial upon that exception. At the hearing his Honor ordered a trial by jury and continued the case for that purpose. The plaintiff excepted and appealed.

Every litigant has this constitutional right of trial by jury, unless he voluntarily waives the privilege. *Green* v. *Castlebury*, 70 N. C., 20; *Bernheim* v. *Waring*, 79 N. C., 56. The object of a reference is to facilitate the trial, and the purpose of the exceptions is to point out the terms of the inquiry as a basis for an issue to be submitted to the court or the jury as the case may be. The usual pleadings set forth the facts according to the contention of the sev-

eral parties, out of which the issues arise.  These issues shall be made up by the attorneys or the Judge presiding. *The Code,* Section.395.  And so the facts, pointed to in the exception, serve as a basis for an issue, to be put in legal language by the attorneys or the Judge, for the better comprehension of the jury.  The facts stated in the exception should be explicit enough for the opposing party to see clearly what the issue will be, in order that he may be prepared to meet it with his evidence.

In *Driller Co.* v. *Worth*, 118 N. C., 746 (also 117 N. C., 515), "the demand, made at the end of the exceptions filed, was a general one for a trial upon each and every issue raised, not by the pleadings, but by the exceptions to the report, however immaterial."  Such notice did not enable the plaintiff to prepare his case for trial, and the court held that his exception was too indefinite and did not entitle him to a jury trial.  In the same case, in 118 N. C., 748, the court said: "The exception ought either to embody a formal issue arising out of the pleadings and covered by the adverse finding, or it ought plainly and unmistakeably to point out the terms of the inquiry that it is proposed to submit to the jury."  This would seem to be the utmost extent to which this court can go on this question.

The contention between the parties was as to the ownership of certain moneys in the hands of one Rankin at the death of J. W. Wilson.  The referee found adversely to the defendant's contention.  The exception was that the finding was erroneous upon the evidence, and that he should have found "that the said Wilson simply deposited the said money and the said bonds with the said Rankin for safe keeping, as such deposits are made in a bank, and the said Rankin so held the said money and bonds, at the time of said Wilson's death, as such depository, and in the same manner as a bank would hold such deposits. "

There were eight findings of fact, but a jury trial was demanded by the exceptions in only four. The plaintiff could not fail to see from said exceptions, in connection with the pleadings, what the issue for the jury would be, and she was, therefore, in a condition to prepare for the contest.

The defendants certainly intended at every step to save their right of jury trial, and it appears to this court that they did so.

Affirmed.