(104 N. W. 516.)

---

THE STATE OF NORTH DAKOTA v. ELLA FORRESTER.

Opinion filed June 5, 1905.

**Trial — Impeachment of Verdict By Jurors' Affidavits.**

1. Affidavits of jurors are not admissible to impeach their verdict upon the alleged ground that they misunderstood the instructions of the court, or to show their reasons for agreeing to a verdict.

Appeal from District Court, Cass county; *Pollock,* J.

Ella Forrester was convicted of grand larceny, and appeals.

Affirmed.

*H. F. Miller,* attorney for appellant.
*J. W. Tilly,* of counsel.

The verdict of a jury arrived at in any other way or manner than by the sound judgment, dispassionate consideration and conscientious reflection of an individual juror should be set aside.

Meserve v. Shine, 37 Iowa, 253; Goodsell v. Seeley, 46 Mich. 623; Donner v. Palmer, 23 Cal. 40; Hauk v. Allen, 11 L. R. A. 706; Randolph v. Lampkin et al., 14 S. W. 538; Ostrander v. City of Lansing, 70 N. W. 332, 160 Mich. 395; Witchell v. Ehle, 10 Wend. (N. S.) 595.

Affidavits or oral evidence will be received to show the method of the jury in arriving at a verdict.   See cases cited above.

*William H. Barnett,* State's Attorney, and *Seth W. Richardson,* Assistant State's Attorney for Cass county, for respondent.

Affidavits of jurors are inadmissible to impeach their verdict. Bartlett v. Patton, 5 L. R. A. 523 ; Murphy v. Murphy, 9 L. R. A. 820 ; Hauk v. Allen, 11 L. R. A. 706 ; State v. Kiefer, 91 N. W. 1117 ; Gaines v. White, 47 N. W. 524.

MORGAN, C. J.   The defendant was informed against   jointly with her husband upon a charge of grand larceny alleged to have been committed on October 17, 1904, and, after a separate trial upon her demand, was found guilty and sentenced to four years of imprisonment in the penitentiary.   She moved for a new trial upon the following grounds:   First.   "Because the verdict arrived at and returned by the jury  *  *  *  was not arrived at by a fair expression of opinion on the part of all the jurors who tried said case, but, on the contrary, the said verdict was arrived at under an agreement entered into between the several members of said jury, which agreement was made upon and under a misapprehension and misunderstanding of the law and the charge of the court given them."   Second.   Because certain additional   instructions given at the request of the jury were misleading and prejudicial to the defendant, and the jury were misled by such instructions as a matter of fact.   The motion was based upon the affidavits of three of the jurors who tried the case, and the additional instructions given by the court which are claimed to be erroneous.   Neither the evidence nor the original instructions are brought   to   this court.   The affidavit jointly made by the three jurors is in substance as follows, so far as material:   That, after the jury had retired for deliberation upon a verdict, affiants concluded from the uncontroverted evidence that the defendant was not guilty of the crime of grand larceny as charged to have been committed on October 17th, and that they were therefore in favor of her acquittal.   But the other jurors contended that the defendant might have stolen said goods prior to October 17, 1904, and that if she did steal said goods prior to said day she would be guilty, and "they insisted that they refer the difficulty to the judge of said court for further instructions on that point."   After discussing   the   evidence, "It was finally agreed between those members of the jury who believed

that she should be found guilty that if the said court should instruct them further that they might find that she stole the goods at a date prior to said 17th day of October, 1904, that these affiants should vote with those who believed she should be found guilty, and convict said defendant; the other members of the jury believing her guilty at the same time agreeing that if the court instructed them that under the evidence they could not find her guilty of stealing the goods on any other day than said October 17th, that they would join with these affiants and those others who believed her innocent, and vote for her acquittal." Thereupon the jury was taken into court, and the foreman asked for further instructions upon this question: "Does the burden of proof rest with the state to show that the defendant took the piece of silk on the exact date as charged in the complaint?" The instruction as given by the court is here incorporated in the affidavit. The jury were told, in answer to the question, that the defendant might be found guilty if the evidence showed that she had taken the property on any date prior to October 17th within three years before the filing of the complaint. The affidavit then states that the jury returned to their room for further consideration of the case, and that the jurors who were for conviction insisted that the jurors who favored acquittal were bound to vote for conviction, and that they all thereupon voted for conviction. It is further stated: "And these affiants say that, had they fully understood the charge of said court as given to them at the time they asked for further instructions, they would not have consented or agreed to find said defendant guilty, for the reason that there was no proof on the part of the state, or otherwise submitted on the trial of said case, in any way tending to show that said defendant stole said goods at any date prior to said 17th day of October, 1904. And * * * they, in pursuance with their agreement with said other members of said jury, and for the purpose of making good their word in relation to said agreement, did then and there vote for her conviction, and consented that their verdict be returned accordingly, contrary to their conviction and best judgment; and that they would not have consented to such verdict of guilty except to carry out their said agreement above set forth." The state interposed a motion to quash the motion for a new trial, upon the grounds that the same was not made in time, and that affidavits of jurors are not admissible to impeach their verdict. The court denied the motion for a new trial upon the merits, without passing upon the questions

raised by the motion to quash. The defendant has appealed from the order denying the motion for a new trial.

If the affidavits of the jurors are not admissible, then the appeal is devoid of merits. The appellant's contentions all fail unless the affidavits are considered. Hence the admissibility of such affidavits is the sole question to be considered. The affidavit shows· (1) That the jury unanimously agreed upon a verdict, which was declared by the foreman in open court and recorded. (2) That at least three of the jurors did not believe that the defendant had been proven guilty, but agreed to find her guilty through a misunderstanding of the additional instructions given, and on account of the agreemnt between the jurymen to abide by the instructions of the court on the question as to whether the jury was limited to evidence of her having stolen the property on October 17th. The sole question presented, therefore, is whether the affidavit of jurors may be received to impeach a verdict duly rendered, recorded and acted on. We agree that such affidavits should not be considered in such a case, and that this rule is sustained by the great weight of authority and by the better reason. It would greatly tend to unsettle verdicts if a juror be permitted to say, after it is too late to be remedied, that he did not understand the charge of the court. To do so would result in continual embarrassment and interminable controversy after trials, although a verdict had been duly and solemnly announced. It would subject jurors to constant annoyance by being called upon to state the occurrences of the jury room, which ought to be kept secret as well as privileged. It would subject jurors to influences by corrupt parties in an effort to have them impair their verdict after they had ceased to act as jurors. Although injustice may at times result from thus holding verdicts solemnly rendered unassailable by affidavits of jurors as to their not understanding the charge or as to their reasons for agreements, we deem it the better rule, and subject to less liability to injustice, that a verdict actually rendered shall be conclusively deemed to be a verdict, and beyond impeachment by the declaration of a juror as to a mental condition existing when he agreed upon a verdict, or as to his reasons for so agreeing. What was said in Wright v. The Illinois & Mississippi Telegraph Co., 20 Iowa, 195, is applicable to the case under consideration: "While every verdict necessarily involves the pleadings, the evidence, the instructions, the deliberations, conversations, debates and judgments of the jurors themselves, and the effect

or influence of any of these upon the juror's mind, must rest in his own breast, and he is and ought to be concluded thereon by his own solemn assent to and rendition of the verdict (veredictum— a true declaration). To allow a juror to make affidavit against the conclusiveness of the verdict by reason of and as to the effect and influence of any of these matters upon his mind, which in their very nature are, though untrue, incapable of disproof, would be practically to open the jury room to the importunities and appliances of parties and their attorneys, and, of course, thereby to unsettle verdicts and destroy their sanctity and conclusiveness." There is no statute in this state permitting the use of the affidavits of jurors in criminal cases in any case. The following cases and many others hold that affidavits of jurors are not admissible to impeach a verdict on the ground that the charge was misunderstood, or to show their reasons for agreement: Saunders v. Fuller, 4 Humph. (Tenn.) 516; Schultz v. Catlin, 78 Wis. 611, 47 N. W. 946; People v. Wyman, 15 Cal. 70; Sheldon v. Perkins, 37 Vt. 550; People v. Soap, 127 Cal. 408, 59 Pac. 771; Territory v. Bannigan, 1 Dak. 451, 46 N. W. 597. See, also, cases cited Am. & Eng. Enc. Law, vol. 29, p. 1008, and volume 15, Cent. Dig. c. 210, section 2392. We therefore conclude, upon consideration of public policy, that jurors' affidavits impeaching their verdicts in such cases should not be received.

What has been said disposes of the further contention of the defendant that the affidavits show that the verdict was agreed upon "by any other means than a fair expression of opinion on the part of all the jurors," and therefore a ground for a new trial under subdivision 4 of section 8271 of the Revised Codes of 1899, providing that a new trial may be granted in such cases. The contention is that the agreement between the jurors brings the case within the terms of that section. The agreement was nothing more nor less than an agreement to call for further instructions upon a disputed question of law, and to be bound by such instructions. These instructions, it is claimed, were misunderstood, and the verdict rendered by these jurors under such misunderstanding. Under the cases cited, the affidavits were not admissible to prove either the agreement or the misunderstanding.

The order appealed from is affirmed. All concur.