G. M. SIMPSON v. J. C. SCRONCE ET AL.

(Filed 11 May, 1910.)

**Trial by Jury—Consent Reference—Waiver.**

> By consenting to and requesting an order of reference a party elects to waive a trial by jury, and will not be permitted to repudiate his voluntary action and demand a jury trial upon the findings of the referee; and in this case the trial by jury was further waived under the rules of practice, as to exceptions, etc. *Driller Co. v. Worth,* 117 N. C., 515; *Ogden v. Land Co.,* 146 N. C., 443, cited and approved.

APPEAL by plaintiff from *Councill, J.,* at November Term, 1909, of CATAWBA.

The facts are sufficiently stated in the opinion of the Court.

*W. A. Self* and *Witherspoon & Witherspoon* for plaintiff.
*M. H. Yount* and *W. C. Feimster* for defendant.

WALKER, J. This action was brought to recover damages for the conversion of cotton. At the request of the plaintiff, the case was referred by the court to C. M. McCorkle, to hear the evidence and pass upon the issues of fact and questions of law raised by the pleadings. The referee made his report to the court, and the plaintiff filed several exceptions thereto.

It further appears that, "upon said exceptions, the plaintiff demanded a trial of the same by a jury." He did not tender any issue as to any controverted fact which he desired to be submitted to a jury, but simply asked, in a general way, for a jury trial upon the exceptions filed by him. Some of the exceptions involved questions of law, and of course they could not be tried by a jury, and if, upon any exceptions which involved an issue of fact, the plaintiff wished to have a jury trial, he should have tendered the proper issue. The practice in such cases has been well settled by adjudications of this Court. *Driller Co. v. Worth,* 117 N. C., 515; *Ogden v. Land Co.,* 146 N. C., 443. In the last case the matter is fully discussed, with a citation of authorities.

We have not overlooked the fact that the order of reference was made, not only with the consent of the plaintiff, but at his request. This was an election on his part to have the case tried by a referee. He could have insisted upon a trial by jury of the issues of fact raised by the pleadings, but he preferred not to do so, thinking, perhaps, that the result would be more favorable to him if the case should be referred. Having made his election and thereby waived a jury trial, he should not now

FOY v. LUMBER COMPANY.

be permitted to repudiate that which he voluntarily elected to do. In the appellant's brief there is no reference to any exception taken by him to the referee's report, which was affirmed by the court, upon a full consideration of the facts found and the conclusions of law stated therein.

There was no error in the ruling of the court, and we must affirm the judgment.

Affirmed.