B. F. WYNN AND WIFE v. ROBERT BULLOCK.

(Filed 22 March, 1911.)

1. Reference—Exceptions—Acquiescence.

Upon a judgment establishing the right of one of the contesting parties as a tenant in common of lands, an exception to the order of reference of the cause to the clerk to take and state an ·

account of the rents and profits, with a demand for a jury trial, comes too late, as by not excepting at the time of the order the party is deemed to have acquiesced therein.

**2. Reference—Evidence—Judgment—Appeal and Error.**
    Exceptions to the findings of fact by a referee, with evidence to support them, approved by the trial judge, are not reviewable on appeal.

APPEAL from *Peebles, J.,* at December Term, 1910, of MAR-TIN,.

Appeal by defendant from an order confirming the report of a referee.

*Martin & Critcher and Winston & Matthews for plaintiff.*
*A. R. Dunning for defendant.*

BROWN, J. This is a petition for partition in which defendant pleaded sole seizin. The defendant was adjudged to be a tenant in common with the *feme* plaintiff.

The presiding judge rendered judgment establishing the *feme* plaintiff's title to an undivided half interest in the land and referred the cause to the clerk to take and state an account of the rents and profits. Upon the coming in of the report the defendant filed exceptions and demanded a jury trial. The court overruled his exceptions and confirmed the report.

We are unable to find in the record an exception noted at the time to the order of reference made at March Term, 1910. In the absence of such exception the defendant is taken to have acquiesced in the order and is not entitled to a jury trial. *Driller Co. v. Worth,* 117 N. C., 520; *Roughton v. Sawyer,* 144 N. C., 766.

The other exceptions relate to findings of fact. As they were adopted and approved by the Superior Court and there is evidence to support them, we cannot review them.

The conclusion of law and judgment necessarily follows from the finding of facts. The judgment is

Affirmed.