## C. H. ZIBLIN v. T. H. LONG.

(Filed 28 March, 1917.)

**Reference—Exceptions—Issues—Trial by Jury.**

> A party to a compulsory reference, who has duly excepted thereto, is not entitled to a jury trial by excepting specifically to the findings of fact, for he must also aptly tender the issues he desires to be answered by the jury, or he will be deemed to have waived the right.

APPEAL by defendant from *Connor, J.,* at November Term, 1916, of PENDER.

This action was begun before the clerk of the Superior Court of Pender for the purpose of establishing a disputed boundary line in the nature of processioning proceedings. The clerk gave judgment in favor of the plaintiff and on appeal the case was transferred to the civil-issue docket, where a compulsory reference was made, to which order both the plaintiff and defendant excepted and demanded a jury trial upon the issues raised by the pleadings. On the coming in of the report of the referee at a subsequent term there were four findings of fact and four conclusions of law by the referee, all adverse to the defendant, who excepted to each and also demanded a jury trial upon each finding of fact. The defendant did not, however, eliminate and present the issues of fact which he desired presented to the jury.

*C. E. McCullen and C. D. Weeks for plaintiff.*
*McClammy & Burgwin for defendant.*

CLARK, C. J. This appeal presents the single question whether the court ruled correctly in refusing to submit the case to the jury upon defendant's exception to the report of the referee.

This case is almost identical, on this point, with *Ogden v. Land Co.,* 146 N. C., 443, where it is said: "As each exception was made, the defendants merely stated that as to the matters and issues embraced in said finding they and each of them demand a jury trial. The defendants did not specify the particular fact controverted upon which they think an issue should be submitted to the jury, nor do they formally tender an issue upon each finding of fact against them to which they excepted."

In the same case the Court further said that the appellant had waived the right to a trial by jury "by not pointing out the questions or issues of fact raised by the exceptions and presenting such issue as they deem necessary to cover all the controverted facts," citing *Driller Co. v. Worth,* 117 N. C., 515, which is the leading case on the subject, and *Simpson v. Scronce,* 152 N. C., 594. In the present case, as in those, there was a compulsory reference, excepted to when made, but upon the coming in of the report the defendant merely excepted to each of the four findings of fact and said: "Therefore, the defendant demands a jury trial of the said finding of fact." It was held in *Driller Co. v. Worth, supra,* which has been often cited since (see Anno. Ed.), that this was insufficient and that it is a "reasonable requirement that the demand for a jury trial should be deemed waived if not made by specific exception and limited to the points upon which there has been a joinder in the pleadings"; that is, the appellant is required not merely to point out the findings of fact of the referee excepted to (which merely presents such findings for review by the judge and upon which the ruling of the judge is final, if there is any evidence), but the party excepting must go further, in order to preserve his right to a trial by jury, by formulating the issues raised by the pleadings and presenting them with his demand for a trial by jury of such issues. This the defendant did not do. Even when there is no compulsory reference the appellant must formulate and tender issues.

The judgment of the court below is
Affirmed.