P. D. STORY v. J. W. TRUITT, TRADING AS J. W. TRUITT & COMPANY, AND J. P. TRANT.

(Filed 18 May, 1927.)

**Reference—Evidence—Appeal and Error—Trial by Jury—Waiver.**

Where there is conflicting evidence, the report of the referee approved and affirmed by the trial judge upon sufficient evidence, is not reviewable on appeal, when a jury trial has been waived by the conduct of the parties.

APPEAL by plaintiff from *Calvert, J.,* at October Term, 1926, of HERTFORD.

*R. C. Bridger for plaintiff.*
*John E. Vann and W. D. Boone for defendant J. W. Truitt.*

PER CURIAM. At April Term, 1923, a compulsory reference in the above entitled action was ordered by the court below, and L. J. Lawrence, Esquire, was appointed referee. The record, which imports verity, shows that no exception was taken by the plaintiff to the reference.

The right to a jury trial was waived. *Driller Co. v. Worth,* 117 N. C., p. 515; *Baker v. Edwards,* 176 N. C., 229; *Jenkins v. Parker,* 192 N. C., 188; *Burroughs v. Umstead, ante,* 842.

"It is the accepted position with us that the findings of fact by a referee, concurred in by the judge, are conclusive when there is competent evidence to sustain them." *Comrs. v. Abee Bros.,* 175 N. C., 701; *Hardy v. Thornton,* 192 N. C., p. 296; *Cotton Mills v. Cotton Yarn Co., ibid.,* p. 713.

Upon a careful perusal of the record, there was competent evidence to sustain the findings of fact by the referee. The court below, in its judgment, set forth that exceptions of plaintiff were overruled, and "hereby confirms and adopts the findings of fact and conclusions of law set forth in said report of the referee as fully and in the same manner as if herein recited."

For the reasons given, the judgment of the court below is

Affirmed.