MARSHVILLE COTTON MILLS, INC., v. THOMAS MASLIN ET AL.

(Filed 27 January, 1931.)

1. **Reference A a—Court may order a compulsory reference under the provisions of C. S., 573.**

    The trial court may order a compulsory reference where an accounting is necessary for the information of the court before judgment or for carrying a judgment or order into effect. C. S., 573.

2. **Jury C a—Failure to follow proper procedure will operate as waiver of right to jury trial upon exceptions to report of referee.**

    Where a party to a civil action has preserved his right to a trial by jury by excepting to an order of reference he may waive this right by failing to file exceptions to particular findings of fact by the referee or by failing to tender appropriate issues on the exceptions so made embraced in the pleadings, and by failing to demand a jury trial as to each of these issues.

APPEAL by R. C. Vaughan, receiver Moore County Farms, from *Small, J.,* at December Term, 1929, of BEAUFORT.

Civil action to recover on a $65,000 note and to determine the priority of certain mortgages. The pleas interposed also rendered an accounting necessary.

Over objections duly entered, a reference was ordered and the matter heard by Hon. Stephen C. Bragaw, who found the facts and reported the same, together with his conclusions of law, to the court.

Appellant filed a number of exceptions to the report of the referee, tendered issues at the end of his exceptions and demanded a jury trial thereon. A jury trial was denied because the issues tendered were not based on the facts pointed out in the exceptions and raised by the pleadings and the demand not sufficiently specific. Counsel for appellant then declined to argue his exceptions before the judge unless opposing counsel would "agree that he could do so without prejudice to his right to a trial upon the issues submitted."

From a judgment affirming the report of the referee, the receiver of Moore County Farms, Inc., appeals, assigning errors.

*No counsel appearing for plaintiff.*
*Parrish & Deal for defendant, receiver Moore County Farms.*
*O. O. Efird and Ward & Grimes for defendant, W. M. Nissen.*

Stacy, C. J. The first exception imputes error to the trial court in ordering a reference in this case. The exception is without merit. C. S., 573, provides for a compulsory reference, "2. Where the taking of an account is necessary for the information of the court, before judgment, or for carrying a judgment or order into effect." *Chalk v. Bank,* 87 N. C., 200.

"Our statutes relating to trials by referees serve a useful purpose and must be liberally construed. They aid and simplify the work which would otherwise fall upon the court and jury, and often expedite the litigation and save the parties from trouble and expensive trials, and are a saving in time to witnesses and attorneys"—*Faircloth, C. J.,* in *Jones v. Beaman,* 117 N. C., 259, 23 S. E., 248.

The appellant next complains at the action of the trial court in overruling his motion for a jury trial on the issues tendered by him. The ruling of the court is supported by what was said in *Booker v. Highlands,* 198 N. C., 282, 151 S. E., 635; *Robinson v. Johnson,* 174 N. C., 232, 93 S. E., 743, and *Driller Co. v. Worth,* 117 N. C., 515, 23 S. E., 427.

A party who would preserve his right to a jury trial in a compulsory reference must object to the order of reference at the time it is made, and on the coming in of the report of the referee, if it be adverse, he should seasonably file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Wilson v. Featherstone,* 120 N. C., 446, 27 S. E., 124; *Yelverton v. Coley,* 101 N. C., 248, 7 S. E., 672. This was not done in the instant case. Although a party may duly enter his objection to the order of reference, he may yet waive his right to a jury trial by failing to assert such right definitely and specifically in each exception to the referee's report and by his failing to tender the proper issues. *Alley v. Rogers,* 170 N. C., 538, 87 S. E., 326.

Affirmed.