ATLANTIC JOINT STOCK LAND BANK OF RALEIGH v. ZEB V. FISHER AND HIS WIFE, MARY M. FISHER, ET AL.

(Filed 11 April, 1934.)

**Reference D b—Where issues tendered do not arise upon exceptions to referee's report refusal of trial by jury is not error.**

> Where a case is one properly subject to a compulsory reference, C. S., 573, a party excepting to the order of reference is not entitled to have issues tendered upon the hearing of exceptions to the referee's report submitted to the jury when the issues do not arise upon the exceptions.

APPEAL by defendants Zeb V. Fisher and his wife, Mary M. Fisher, from *Oglesby, J.,* at October Term, 1933, of ROWAN. Affirmed.

This is an action to foreclose a mortgage executed by the defendants, Zeb V. Fisher and his wife, Mary M. Fisher, to secure their note payable to the plaintiff for the sum of $15,000. It is alleged in the complaint that by reason of the default of the defendants in the payment of taxes levied on the lands described in the mortgage for the year 1931, and of the semiannual installment due on 1 June, 1932, there is now due on said note the sum of $13,243.92, with interest on said sum from 1 December, 1931, subject to a credit of $6,000 paid by the defendants on 6 January, 1932, by the sale of one of the tracts of land described in the mortgage. The defendants admitted the execution of the mortgage, but denied that the note secured thereby was due at the date of the commencement of the action. They alleged that it was agreed by and between the plaintiff and the defendants that the sum of $6,000 paid by the defendants on said note on 6 January, 1932, should be applied to the payment of the successive semiannual installments becoming due next thereafter, and that by reason of such agreement the installment due on 1 June, 1932, had been paid. This allegation was denied by the plaintiff. The action was begun on 13 July, 1932.

The action was heard on exceptions to the findings of fact and conclusions of law of the referee to whom it was referred for trial. The defendants having in apt time excepted to the order of reference, demanded a trial by jury of the issues raised by the pleadings, and ex-

cepted to the refusal of the judge to submit such issues to a jury. The exceptions were heard and considered by the judge. They were overruled by him.

It was thereupon ordered and adjudged, in accordance with the report of the referee, that plaintiff·recover of the defendants Zeb V. Fisher and his wife, Mary M. Fisher, the sum of $13,243.92, with interest on said sum from 1 December, 1931, less the sum of $6,000, with interest from 6 January, 1932, and the costs of the action. It was further ordered and decreed that the land described in the complaint be sold by a commissioner appointed by the court for that purpose, and that upon the confirmation by the court of such sale, the proceeds be applied first to the payment of the judgment in this action, and then in accordance with the decree. The defendants excepted to the judgment and appealed to the Supreme Court.

*J. L. Cockerham, Hudson & Hudson and McLean & Stacy for plaintiff.*
*R. Lee Wright and T. C. Bowie for defendants.*

PER CURIAM. Although the defendant Zeb V. Fisher, in his answer prayed that "this clause be referred to a referee to take and state an account between the plaintiff and the defendants, and report same to the court as provided by law," the said defendant joined with his co-defendant, Mary M. Fisher, in an exception to the order of reference. It is not contended by either of said defendants in this appeal that there was error in the order of reference, for the reason that this is not a proper case for a compulsory reference, C. S., 573. The exception to the order of reference was apparently for the sole purpose of preserving the right of the defendants to a trial by jury of the issues arising on the pleadings. Their only contention on this appeal is that there was error in the refusal of the judge to submit the issues appearing in the record to a jury. These issues, however, do not arise in the defendants' exceptions to the report of the referee. For that reason, there was no error in the refusal of the judge to submit the issues tendered to a jury. By their failure to tender appropriate issues arising on their exceptions, the defendants waived their right to a trial by jury. See *Booker·v. Highlands,* 198 N. C., 282, 151 S. E., 635.

The judgment is supported by the findings of fact made by the referee, and approved by the judge. For that reason, the judgment is

Affirmed.