## W. H. BARTLETT v. C. R. HOPKINS.

(Filed 27 February, 1952.)

**1. Constitutional Law § 22: Jury § 7—**

The constitutional right to trial by jury in controversies at law respecting property may be waived. Art. IV, Sec. 13.

2. **Same: Reference § 14a—**

A compulsory reference does not deprive a litigant of his constitutional right to trial by jury, but he may waive such right by failing to follow the procedural requirements to preserve it.

3. **Reference § 14a—Procedure to preserve right to jury trial in compulsory reference.**

In order for a party to a compulsory reference to preserve his right to trial by jury he must (1) object to the order of compulsory reference at the time it is made; (2) file specific exceptions to particular findings of fact within thirty days after the referee's report is delivered to the clerk, G.S. 1-195; (3) formulate appropriate issues of fact raised by the pleadings and based on the facts pointed out in his exceptions, and tender such issues with his exceptions; (4) set forth in his exceptions to the referee's report a definite demand for jury trial on each issue so tendered; and failure to comply with any one of these requirements waives his right to jury trial.

4. **Trial § 31a—**

An instruction to the effect that it was the province, privilege, and prerogative of the jury to answer the issues in a certain manner must be held for reversible error, since the jury does not have arbitrary power to answer the issues irrespective of the evidence but must declare the truth as to the issues of fact submitted to them.

APPEAL by plaintiff from *Halstead, Special Judge,* and a jury, at September Term, 1951, of PASQUOTANK.

Civil action involving an express contract for the construction of a building.

The plaintiff sued to recover the remainder of the contract price for work done and materials furnished by him in the construction of a building for the defendant on a lot in Elizabeth City, and to enforce a contractor's lien against the property. The defendant denied liability, and pleaded two counterclaims, one for money paid by him to the defendant in excess of the contract price, and the other for damages for defective work in the construction.

Since the trial of the issues of fact required the examination of long accounts on both sides, the Honorable Leo Carr, the presiding judge at the June Term, 1949, of the Superior Court of Pasquotank County, entered an order of compulsory reference under G.S. 1-189 (1), directing J. N. Pruden, Esquire, as referee, to hear and decide all the issues. The defendant duly excepted to the order of reference at the time it was made.

The referee heard the testimony of the parties in support of their respective allegations, and made a report wholly favorable to the plaintiff. The defendant forthwith filed exceptions to the referee's findings of fact and conclusions of law. He tendered six issues of fact with his exceptions to the referee's report, but he did not set forth in such exceptions any demand for a jury trial on any of the issues.

When the cause came on for hearing before the Honorable W. I. Halstead, the presiding judge at the September Term, 1951, of the Superior Court of Pasquotank County, the plaintiff asserted, in substance, that the defendant had waived his right to trial by jury, and moved the judge, in essence, to pass upon the defendant's exceptions to the referee's findings of fact himself. The judge denied the plaintiff's motion on the ground that the defendant had duly preserved his right to trial by jury, and proceeded to try the cause before a jury upon the evidence taken before the referee.

The judge submitted the following two issues to the jury in lieu of those tendered by the defendant with his exceptions to the referee's report:

1. Is the defendant C. R. Hopkins indebted to the plaintiff W. H. Bartlett, and, if so, in what amount?

2. Is the plaintiff W. H. Bartlett indebted to the defendant C. R. Hopkins, and, if so, in what amount?

The jury answered both issues "Nothing," and the judge entered a judgment adjudging that neither party was entitled to recover anything of the other and taxing the plaintiff with the costs. The plaintiff excepted to the judgment and appealed to the Supreme Court, assigning errors.

*John H. Hall for plaintiff, appellant.*
*J. Henry LeRoy for defendant, appellee.*

ERVIN, J. The Constitution of North Carolina guarantees to every litigant the right of trial by jury in controversies at law respecting property. Art. I, sec. 19. But such right can be waived. Art. IV, sec. 13.

Under the code of civil procedure, the court has discretionary power to order a compulsory reference in any case falling within the purview of the statute now codified as G.S. 1-189. *Veazey v. Durham,* 231 N.C. 354, 57 S.E. 2d 375. Such reference does not deprive a litigant of his constitutional right to have the issues of fact raised by the pleadings and the evidence offered in support thereof determined by a jury if proper steps are taken to preserve such right. *Cherry v. Andrews,* 229 N.C. 333, 49 S.E. 2d 641; *Chesson v. Container Co.,* 223 N.C. 378, 26 S.E. 2d 904; *Brown v. Broadhurst,* 197 S.E. 738, 150 S.E. 355; *Brown v. Buchanan,* 194 N.C. 675, 140 S.E. 749; *Bradshaw v. Lumber Co.,* 172 N.C. 219, 90 S.E. 146; *Yelverton v. Coley,* 101 N.C. 248, 7 S.E. 672; *Carr v. Askew,* 94 N.C. 194. But a party to a compulsory reference waives his right to a jury trial by failing to take the proper steps to save it. *Cheshire v. First Presbyterian Church,* 225 N.C. 165, 33 S.E. 2d 866; *Baker v. Edwards,* 176 N.C. 229, 97 S.E. 16; *Robinson v. Johnson,* 174 N.C. 232, 93 S.E. 743; *Drug Co. v. Drug Co.,* 173 N.C. 502, 92 S.E. 376.

BARTLETT *v.* HOPKINS.

In order to preserve his right to a jury trial in a compulsory reference where the referee's report is adverse to him, a party must comply with each of these procedural requirements:

1. He must object to the order of compulsory reference at the time it is made   *Brown v. Clement Co.,* 217 N.C. 47, 6 S.E. 2d 842; *Booker v. Highlands,* 198 N.C. 282, 151 S.E. 635; *Trust Co. v. Jenkins,* 196 N.C. 428, 1 ι6 S.E. 68; *Story v. Truitt,* 193 N.C. 851, 138 S.E. 121; *Drug Co. v. Dr ιg Co., supra; Wynn v. Bullock,* 154 N.C. 382, 70 S.E. 637; *Roughton v. Sawyer,* 144 N.C. 766, 56 S.E. 480; *Belvin v. Raleigh Paper Co.,* 123 N.C. 138, 31 S.E. 655; *Driller Co. v. Worth,* 117 N.C. 515, 23 S.E. 427, 118 N.C. 746, 24 S.E. 517; *Grant v. Hughes,* 96 N.C. 177.

2. He must file specific exceptions to particular findings of fact made by the referee within thirty days after the referee delivers his report to the clerk of the court in which the action is pending.   G.S. 1-195; *Brown v. Clement Co., supra; Booker v. Highlands, supra; Wilson v. Featherstone,* 120 N.C. 446, 27 S.E. 124.

3. He must formulate appropriate issues of fact raised by the pleadings and based on the facts pointed out in his exceptions, and tender such issues with his exceptions to the referee's report.   *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79; *Cheshire v. First Presbyterian Church, supra; Brown v. Clement Co., supra; Bank v. Fisher,* 206 N.C. 412, 173 S.E. 907; *Cotton Mills v. Maslin,* 200 N.C. 328, 156 S.E. 484; *Booker v. Highlands, supra; Burroughs v. Umstead,* 193 N.C. 842, 137 S.E. 581; *Jenkins v. Parker,* 192 N.C. 188, 134 S.E. 419; *Ziblin v. Long,* 173 N.C. 235, 91 S.E. 837; *Alley v. Rogers,* 170 N.C. 538, 87 S.E. 326; *Keerl v. Hayes,* 166 N.C. 553, 82 S.E. 861; *Simpson v. Scronce,* 152 N.C. 594, 67 S.E. 1060; *Taylor v. Smith,* 118 N.C. 127, 24 S.E. 792.

4. He must set forth in his exceptions to the referee's report a definite demand for a jury trial on each issue so tendered.   *Brown v. Clement Co., supra; Texas Co. v. Phillips,* 206 N.C. 355, 174 S.E. 115; *Cotton Mills v. Maslin, supra; Booker v. Highlands, supra; Ziblin v. Long, supra; Alley v. Rogers, supra; Mirror Co. v. Casualty Co.,* 153 N.C. 373, 69 S.E. 261; *Ogden v. Land Co.,* 146 N.C. 443, 59 S.E. 1027; *Roughton v. Sawyer, supra; Driller Co. v. Worth, supra.*

Since he made no demand in his exceptions to the referee's report for a jury trial on the issues tendered by him, the defendant waived his constitutional right to have a jury determine the controverted issues of fact. In consequence, the trial judge committed error in adjudging that the defendant had ιpreserved his right of trial by jury, and in refusing on that ground to pass upon the exceptions to the referee's findings of fact himself.

Although the trial judge advised the jury in earlier portions of his charge that it should try the case according to the law and the facts, he

ended his instructions to the jury with this emphatic statement: "Gentlemen of the jury, it is your province and your privilege and your prerogative to answer both issues 'nothing.' "

The plaintiff's exception to this instruction must be sustained.   An ancient legal maxim asserts that "a verdict is, as it were, the saying of the truth, as the judgment is the saying of the law."   A verdict is supposed to be, and ought to be, a declaration of the truth as to the issues of fact submitted to the jury. *Mars. v. State,* 163 Ga. 43, 135 S.E. 410; *Groves v. State,* 162 Ga. 161, 132 S.E. 769; *Anthony v. Anthony,* 103 Ga. 250, 29 S.E. 923; *Wright v. Illinois & Mississippi Tel. Co.,* 20 Iowa 195; *State v. Blue,* 134 La. 561, 64 So. 411; *State v. Forrester,* 14 N.D. 335, 103 N.W. 625; *Vaughan v. Cade,* 31 S.C.L. 49; *Clark v. State,* 170 Tenn. 494, 97 S.W. 2d 644; *McBean v. State,* 83 Wisc. 206, 53 N.W. 497; *Shenners v. West Side St. R. Co.,* 78 Wis. 382, 47 N.W. 622.   The instruction under scrutiny gave the jury to understand that it had the arbitrary power to answer both issues "nothing," irrespective of whether it thereby pronounced the truth.

The trial judge submitted the issues to the jury because of his erroneous view that the defendant had duly preserved his right to such mode of trial. The verdict and judgment are set aside, and the cause is remanded to the Superior Court to the end that the judge may review the defendant's exceptions to the referee's report in conformity with the procedure which obtains in references where trial by jury is waived. *Smith v. Hicks,* 108 N.C. 248, 12 S.E. 1035.

Error.