## BOARD OF COMMISSIONERS OF MITCHELL COUNTY v. ABEE BROTHERS AND HART AND THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(Filed 22 May, 1918.)

1. **Appeal and Error—Reference—Findings—Evidence.**

 The findings of fact by a referee, upon competent evidence, and concurred in by the judge, are conclusive on appeal.

2. **Contracts—Abandonment—Damages—Roads and Highways—Counties.**

 Where a contract for the building of a county highway within a certain time has been abandoned by the contractor, and he thereafter obtains an extension of time for its completion with the consent of the surety for performance on his bond, without waiver by the county of any of its rights for the breach of the contract; and the contractor again abandons his contract, both he and his bondsman are liable to the county for the amount required to make good the pecuniary value of the contract to the county.

3. **Contracts—Monthly Payments — Estimate — Contract Price—Charges—Damages.**

 Where a contract has been entered into with a county to construct a certain length of its highway within a given time at a fixed sum, after the contractor had carefully gone over the line and had made his bid, and monthly payments are provided for as the work progressed of 90

per cent of the work performed upon the basis of 23 cents per cubic
yard for each excavation, 45 cents per cubic yard for loose rock excava-
tions, and 70 cents per cubic yard for solid rock excavations; *Held,* suffi-
cient to sustain findings of a referee that the clause as to monthly pay-
ments would not have the effect of enlarging the contract price for the
whole or allow the contractor any additional sum for any change in the
proportion of earth and loose and solid rock excavations.

4. **Contracts—Breach—Extension of Time—Resumption of Work—Waiver—
Damages.**

Where a contractor has abandoned his contract for the building of a
county road at a fixed sum within a certain time, with provision for
monthly payments of a certain per cent of the value of the work as it
progressed, upon estimates to be made by the county, and upon abandon-
ment of the contract, the contractor is given an extension of time at his
request, without releasing him from liability; *Held,* the contractor, by
obtaining the privilege and resuming work under the contract, waived
any right he may have had to abandon it and to any damages for minor
departures therefrom as to the time and amount of monthly payments,
etc.

APPEAL from judgment on exceptions to report of referee by *Lane, J.,*
at Fall Term, 1917 of McDOWELL.

The action was to recover damages for alleged breach of contract by
which the principal defendants undertook to build a two-mile section
of the public road of plaintiff county leading from Bakersville, N. C.,
to a point near the C. C. & O. Railroad, for the contract price of $8,800.
The referee, in his report, awarded recovery for plaintiff of $1,925
damages, with interest. On the hearing before the Superior Court, the
exceptions of defendant were overruled and the findings of fact and con-
clusions of law set forth in the report were in all things confirmed.
Judgment for plaintiff accordingly, and defendant excepted and ap-
pealed.

*Pless & Winborne and Charles E. Green for plaintiff.*
*A. A. Whitener and B. A. Stansbury for Fidelity Company.*
*Squires & Whisnant for Abee Bros. & Hart.*

PER CURIAM: It is the accepted position with us that the findings
of fact by a referee, concurred in by the judge, are conclusive when
there is competent evidence to sustain them. *Thornton v. McNeely,*
144 N. C., 622.

In the present case the referee in his elaborate and careful report
finds, in effect, that on 8 October, 1912, the principal defendant entered
into a written contract with Board of Commissioners of plaintiff county
to construct two miles of the road from Bakersville, N. C., at the price
of $8,800, to commence on 21 October, 1912, the work to be completed

within five months from the commencement of same, and give a bond in the sum of $5,000, executed by the codefendant, to secure faithful performance of the stipulations of the contract; that the said contractors having done a considerable portion of the work, for which they received the sum of $6,225, paid as the work progressed, abandoned the contract; that later, in April, 1913, on written request of the contractors, sanctioned and concurred in by the surety, plaintiffs granted to the applicants sixty additional days within which to complete the contract, the said order being in terms as follows:

"*In re* Toecane Road:

"It is ordered by the Board of County Commissioners of Mitchell that Abee Bros. & Hart be allowed an extension of time of sixty working days from date hereof to complete the road under a certain contract which the said Abee Bros. & Hart executed with Mitchell County, and the faithful performance of said contract being guaranteed by the Fidelity and Deposit Company of Baltimore, Maryland.

"It is understood and agreed that said road be completed according to said contract. This order is made with the understanding and agreement that the County Commissioners of Mitchell County do not waive any of the county's rights or rights of action which it may have acquired by reason of the said Abee Bros. & Hart failing to complete said road according to the terms of said contract. Said order is made at the request of the said Abee Bros. & Hart and by the consent of the Fidelity and Deposit Company."

That the contractors having again abandoned the work before completing the same, the commissioners took charge and built the road so as to be usable by the county, at the price of $3,602.34; that the reasonable cost of completing the road according to the contract specifications would amount to $4,500, being $1,925 more than the amount that the commissioners had agreed to pay for a road completed as the contract required.

There were facts in evidence to support these findings by the referee, and we concur in the conclusion of law that plaintiff should recover the sum of $1,925, this being the amount required to make good to plaintiff the pecuniary value of its contract.

It is argued for the defendant that there should be some reduction from this recovery by reason of a subsequent clause of the contract, that at the end of each calendar month an estimate of the work done on the piers of bridges, culverts, grading and excavations should be made and plaintiff should pay 90 per cent of the work performed, and as a basis for such payments the following prices should govern: 23 cents per cubic yard for each excavation, 45 cents per cubic yard for loose-rock excavations, and 70 cents per cubic yard for solid-rock exca-

vations, with facts in evidence tending to show that this estimate was not made as the contract requires, and that there was a larger percentage of solid rock than the preliminary estimate of the engineer had indicated. But we must again approve the ruling of the judge and referee to the effect that the subsequent clause was not intended to modify or permit an enlargement of the contract price for the whole, but was only designed to fix the rule of monthly payments.

A perusal of the entire contract and the facts in evidence relevant to its correct interpretation gives clear indication that the contractor, himself an engineer, had gone over the line before making his bid, intended such bid to cover the entire price of the work, and that he took the risk of any change in the proportion of earth and loose and solid rock excavations.

Again, it is contended as the commissioners had not made the monthly estimates as the contract requires, a recovery could not be sustained. Under the construction we have given the contract there is no evidence tending to show substantial damages to defendant by reason of this alleged breach, but if there was real harassment to defendant on that account, even if it might have justified them in quitting the contract, any such right or claim for damages must be considered waived, we think, when the contractors with the assent of the surety sought and obtained the privilege of an additional sixty days time in which to complete the work.

At that time the entire facts relevant to the performance of the contract were fully known, and defendants in obtaining this privilege and resuming work under the terms of the contract are properly held to have waived any rights they may have had to abandon the contract and any damages for this or other minor departures from its terms as to time and amount of monthly payments, etc.

On very careful examination of the record we find no error to defendant's prejudice, and the judgment of the Superior Court must be
Affirmed.