### W. D. MEYER v. W. PERRY REAVES.

(Filed 26 January, 1927.)

**Deeds and Conveyances—Alleys—Estoppel In Pais.**

> Where the original owner of land in a city block has divided the same into business lots through which he has run a ten-foot alley with right of its use for the purposes of a hotel he constructed thereon, and has conveyed to an owner of a different lot adjoining the alley the right of a like use

therein, and has sold one or more of the subdivided lots to a purchaser who took with implied notice under registered deeds of the rights in the alleyway so conveyed, and also with actual notice, and has permitted the purchaser of the alleyway rights to use the same for a period of years, and to make heavy expenditures in contemplation of such use: *Held*, the purchaser of the lots adjoining the alley, is estopped in equity to deny the rights of the purchaser of the easement to use the same, and the principles applying to easements appendent, or appurtenant to lands or in gross is not controlling.

APPEAL from *Bryson, J.,* at March Term, 1926, of GUILFORD. Reversed. The facts will be stated in the opinion.

*King, Sapp & King for plaintiff.*
*Hoyle & Harrison and Brooks, Parker & Smith for defendant.*

CLARKSON, J. C. D. Benbow, on 1 July, 1909, owned a block of land in the city of Greensboro, N. C., in the southwest intersection of South Elm and West Sycamore streets, about 269 feet on South Elm Street and 168 feet on West Sycamore Street. This was subdivided into six lots, with an alleyway 10 feet wide in rear of the six lots that face on South Elm Street, the alley having its mouth in Sycamore Street. We are only concerned in this action with lots 1 and 2, as shown on map. The first lot 25.6 by 168 feet lies on the south side and is adjacent to West Sycamore Street, and the second lot, 41 by 168 feet adjacent to the first lot, and both lie on the west side of and adjacent to South Elm Street. The rear lines, over which is the 10-foot alley easement, of both lots 1 and 2 facing on South Elm Street, ran to the Lindsay line (the Lindsay land now owned by defendant Reaves) and thence with the Lindsay line in a northwardly direction.

C. D. Benbow, on 1 July, 1909, deeded lots 1 and 2: (1) Lot 1 to L. H. Hole, predecessor in title to Meyer; (2) Lot 2 to S. B. Adams and W. R. Land, predecessors in title to Meyer. In the deed to lot 1 is the following in regard to the alleyway: "There being hereby reserved for the benefit of the grantor, his heirs and assigns, an easement over, along and upon a 10-foot alley in the rear of the Benbow Hotel building and along the western boundary of the land hereinbefore described, for purposes of ingress and egress, with wagons, buggies or other vehicles, and for all necessary purposes. The easement and right of way hereby reserved being for the benefit of the grantors hereunder and of all owners of the Benbow Hotel property and their heirs and assigns forever."

The following in regard to Lot 2: "There being reserved for the benefit of the grantors and his heirs and assigns an easement over, along and upon a ten-foot alley in the rear of the Benbow Hotel building and

MEYER *v.* REAVES.

along the western boundary of the land hereinbefore described for purposes of ingress and egress with wagons, buggies or any other vehicles, and for all necessary purposes. To have and to hold the above-described premises, together with the buildings situated thereon and the easements and appurtenances thereunto belonging to them, the said party of the second part, their heirs and assigns forever. . . . That the easement or right of way over the alley hereinbefore described shall be perpetual."

On 10 July, 1913, W. H. Stone, Jr., was the owner of Lot 2 with the alleyway right, as set forth above. Deeds from Adams and Land to Logan, Logan to Jennings, Jennings et al. to W. H. Stone, Jr.

W. H. Stone, Jr., on that date purchased an additional easement to the ten-foot alley to West Sycamore Street from C. D. Benbow and wife, which was duly recorded in Book 245, p. 547. The contract setting forth the facts and the purchase of Lot 2 by Stone goes on and says: "And whereas the Benbow Hotel property formerly belonged to Charles D. Benbow, and upon sale of the several portions thereof to different parties there was a reservation to the said Benbow of a ten-foot alley along the old Lindsay line in the rear of the Benbow Hotel, for the benefit of the said Benbow, his heirs and assigns, and such other persons or corporations as were then or should afterwards become owners of any part of said property, known as the Hotel Benbow property, the said Stone having purchased with this reservation of record, but desiring a grant of such easement to himself as one of the owners of a part of the Benbow Hotel property, . . . have given, granted, bargained, sold, and by these presents do give, grant, bargain and sell a perpetual easement and right of way over, along, in and upon an alleyway from the rear of the Hotel Benbow property, city of Greensboro, N. C., approximately ten feet wide, running along the old Lindsay line to Waddell's south line and opening on Sycamore Street, for the purpose of ingress and egress, and regress, with wagons, buggies and other vehicles, and for other purposes of ingress and egress. *To have and to hold to the said W. H. Stone, Jr., his heirs and assigns forever."*

*On 28 October, 1915,* W. H. Stone, Jr., and wife (and L. J. Duffy, who had a contract from Stone to convey to him) joined in a deed to the plaintiff, W. D. Meyer, recorded in Book 272, p. 597. In this deed is the following: "Together with a perpetual easement and right of way over, along and upon an alley at the rear of the Hotel Benbow property in the city of Greensboro, N. C., approximately ten feet wide, running along the old Lindsay line to Waddell's south line, and opening in Sycamore Street, for the purposes of ingress, egress and regress with wagons, buggies and other vehicles, and for other purposes of ingress and egress, and for a definite description of which see deed Benbow and wife to

W. H. Stone, Jr., recorded in office of register of deeds of Guilford County, in Book 245, page 547. There being hereby reserved for the benefit of the owners of the Benbow Hotel property, their heirs and assigns, an easement over, along and upon a ten-foot alley at the west end of the above-described land, and running along the old Lindsay line, for the purposes of ingress, egress and regress with wagons, buggies and other vehicles, it being the easement referred to in the deed from S. B. Adams and wife *et al.* to W. H. Stone, Jr., recorded in the office of register of deeds of Guilford County in Book 245 at page 542(7), *and subject to easement in deed of Stone to Reaves, Book 272, page 301.*" The easement conveyed to plaintiff was such as was acquired (1) under mesne conveyances from S. B. Adams and others to W. H. Stone, Jr.; (2) Benbow and wife to W. H. Stone, Jr., 10 July, 1913. This conveyance from W. H. Stone, Jr., to plaintiff, W. D. Meyer, was *subject to easement in deed from Stone to Reaves,* which is as follows: "And whereas, the property of the parties of the first part (W. H. Stone, Jr.) extends back to the property of the party of the second part (W. Perry Reaves); and whereas there is at present upon, over and through the back end of the property of the parties of the first part a ten-foot alley abutting part of the lot of the party of the second part hereinbefore described, said alley running over the property of certain other parties and *out to Sycamore Street;* and, whereas, the party of the second part is preparing to erect a building on his said lot hereinbefore described, and is desirous of securing a right of way and easement over, under and along said alley, and is especially desirous that said alley should never be closed or built upon or over in any way so as to interfere or obstruct the light of the party of the second part: Now, therefore, in consideration of the premises and the sum of $150 paid by the party of the second part, the receipt of which is hereby acknowledged, the said parties of the first part hereby *grant and convey to the said party of the second part, his heirs and assigns, a perpetual right of way and easement over, under and along the said alley leading out to Sycamore Street, as aforesaid, and the said parties of the first part hereby contract and agree for themselves, their heirs and assigns, that they will never obstruct or build over said alley in any way, the parties hereof being to leave unobstructed and clear the light and air space of ten feet for the benefit of the party of the second part and his heirs and assigns, and the party of the second part for the consideration aforesaid agrees on his part that he, in like manner, will not obstruct the light of the parties of the first part by any structure upon said alley.*"

It will be noted that the contract or deed of Stone to Reaves was dated *1 May, 1915,* and duly recorded on 30 June, 1915, Book 272,

p. 301. *On 29 October, 1915,* the deed was made from Stone to Meyer, the plaintiff, and in that deed is set forth the following: *"and subject to easement in deed of Stone to Reaves, Book 272, p. 301."*

This deed or contract gave to Reaves (1) what rights Stone obtained under the original deed to the ten-foot alley easement, from S. B. Adams *et al.,* through mesne conveyances to him; (2) and also what rights that Benbow could convey to Stone under deed or contract dated 10 July, 1913, recorded 11 July, 1913, Book 245, p. 547. When W. D. Meyer bought of W. H. Stone, Jr., Lot 2, he had actual and record notice of defendant's rights in the alley and how claimed, and took Lot 2 subject to the easement by express terms—"a perpetual right of way and easement over, under and along the said alley leading out to Sycamore Street."

On 30 October, 1917, E. P. Wharton deeded Lot 1 to plaintiff, W. D. Meyer, that he acquired through mesne conveyances from Benbow to Hole. In this deed the same language is used as to alleyway rights as used in deed from Benbow to Hole and the mesne conveyances substantially the same.

This action was instituted 4 November, 1925, some eight years after the deed to Lot 1 from Wharton to plaintiff. The interesting question as to what interest the original owner, C. D. Benbow had, by the language used in the deeds in reference to the ten-foot alley easement that he could convey to Stone, we think immaterial on this record. To be sure, the Reaves property was never a part of the Benbow property, and Reaves claims under title from other than Benbow as to the fee simple in the land, but his claim to go over the ten-foot alley easement, so far as plaintiff is concerned, is by way of estoppel. Plaintiff purchased Lot 2 with full notice of defendant's right to go over the alley from Lot 2 to West Sycamore Street and subject to that easement. He purchased Lot 1 after he had purchased Lot 2, with full recognition that he had made when he purchased Lot 2 that Reaves had a right over the alley. He also had actual and record notice of the deed or contract from Benbow, the original owner, to Stone conveying what rights he had in the alley which under conveyance to defendant enured to his benefit. Whatever right Benbow had by the language in his deeds, to convey an easement to Stone, was done after he had conveyed all his property and the fee in the alley to the Lindsay (afterwards Reaves) line. It is not disputed that plaintiff took his deed to Lot 1 with actual and record notice of a claim of right by Reaves to the easement. Plaintiff for some eight years, according to the record, recognized the rights of defendant to ingress and egress to the ten-foot alley easement opening into West Sycamore Street.

The principle as set forth by plaintiff, as follows, does not apply here: In Jones on Easements (ed. 1898), secs. 28 and 360, the doctrine is stated as follows: "Sec. 28. An appurtenant easement cannot be conveyed by the party entitled to it separate from the land in which it is appurtenant. It can be conveyed only by a conveyance of such land. It adheres in the land and cannot exist separate from it. It cannot be converted into an easement in gross." "Sec. 360: One having a right of way appurtenant to certain land cannot use it for the benefit of other land to which the right is not attached, although such other land is within the same inclosure with that to which the easement belongs. Except for this rule the burden upon the servient estate might be increased at the pleasure of the owner of the dominant estate. This rule is, therefore, applicable whether the way was created by grant, reservation, prescription, or as a way of necessity. In either case the way is created by grant, either express, presumed, or implied. The way is granted for the benefit of the particular land, and its use is limited to such land. Its use cannot be extended to other land, nor can the way be converted into a public way without the consent of the owner of the servient estate." *Wood v. Woodley,* 160 N. C., at p. 19; *Hales v. R. R.,* 172 N. C., 104; Mordecai's Law Lectures, 2 ed., p. 469. The principle of "increasing the servitude" does not apply, but that of estoppel does.

"Where a recital is intended to be an agreement of both parties to admit a fact, it estops both parties." Bigelow on Estoppel, 6 ed., p. 401; *Fort v. Allen,* 110 N. C., p. 183; *Hardy v. Abdallah,* 192 N. C., p. 45.

Plaintiff then took deed to Lot 2 under a distinct clear agreement that it was subject to an easement that defendant had ingress and egress over the ten-foot alley opening into West Sycamore Street. When he purchased Lot 1 he had already recognized and agreed that defendant had a ten-foot alley easement to West Sycamore Street; therefore, by his solemn agreement, he is estopped to deny the fact.

"Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim, or conduct to the prejudice of another." 16 Cyc., p. 785; *Holloman v. R. R.,* 172 N. C., 376; *Cook v. Sink,* 190 N. C., at p. 626. See *Freeman v. Ramsay,* 189 N. C., 790; 21 C. J., p. 1202.

Although as to Lot 1 there may be no privity or privy in title, yet plaintiff, as to Lot 2, took it subject to clear recital and agreement that defendant had right of contract, called easement, that affected Lot 1, and he purchased Lot 1 with full knowledge of all the facts and had

agreed to the use of the alley by Reaves before he purchased Lot 1. In good conscience, in law and equity, he is not now permitted to repudiate his accepted agreement as to the use of the alley over Lot 1 and take a position prejudicial to the rights of defendant. As to Lots 1 and 2, plaintiff is estopped to make this claim.

For the reasons given, the judgment is

Reversed.