JOSEPH B. CHESHIRE, JR., TRUSTEE, UNDER THE WILL OF LAURA F. COSBY,
v. FIRST PRESBYTERIAN CHURCH OF RALEIGH, PRESBYTERIAN
ORPHANS' HOME, AND E. S. HARTSHORN, ADMINISTRATOR OF B. H.
COSBY.

(Filed 11 November, 1942.)

**Appeal and Error § 49a—**

The decision of this Court on a previous appeal, between the same parties and upon the same facts then and now presented, constitutes the law of the case and is conclusive on the points so adjudged.

APPEAL by defendant Hartshorn, Administrator, from *Carr, J.,* at June Term, 1942, of WAKE.   Affirmed.

*Paul F. Smith for plaintiff, appellee.*
*James I. Mason for defendant Hartshorn, appellant.*

DEVIN, J.   This case was here at Spring Term, 1942, and is reported in 221 N. C., 205, 19 S. E. (2d), 855, where the facts are fully stated. On that appeal all the pleas set up by the defendant were considered, particularly those based upon the fact that the plaintiff had been appointed trustee under the will in a special proceeding before the clerk, rather than by the Superior Court in term, and it was decided that, while under the statutes, C. S., 4023, and C. S., 2583, the clerk was without power to make the appointment, all the parties now being properly in the Superior Court, the judge thereof, in the exercise of the equitable jurisdiction of the court, had power to make the appointment *nunc pro tunc.*   We quote from the Court's opinion as follows: "Since the appointment of a trustee was a matter for the Superior Court in term, and since all the parties are now before the court, and the subject matter of the action involves the supervision of a trust estate, the appointment of a trustee, and the closing of the trust, we see no reason why the Superior Court of Wake County in the exercise of its equitable jurisdiction may not now, *nunc pro tunc,* validate and give power to the previous appointment of the clerk and authorize the settlement and closing of the trust in accord with the expressed will of Laura F. Cosby.

*Roseman v. Roseman,* 127 N. C., 494, 37 S. E., 518; *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30; *Perry v. Bassenger,* 219 N. C., 838, 15 S. E. (2d), 365. This would leave open only the matter of accounting between defendant's intestate and the trustee, for which a reference would seem to be proper."

The cause was remanded to the Superior Court for proceeding not inconsistent with the opinion. Thereupon the court below, having all the parties to this action and all those interested in the trust before it, proceeded, in the exercise of the equitable jurisdiction of the court, to appoint the plaintiff trustee under the will, *nunc pro tunc,* and to validate his previous appointment by the clerk. The defendant's pleas in bar were overruled, and the cause was referred.

The rulings of the court below were in accord with the opinion of this Court and must be upheld. The decision of this Court on the previous appeal, upon the same facts then and now presented, constituted the law of the case. *Pinnix v. Griffin,* 221 N. C., 348; *Robinson v. McAlhaney,* 216 N. C., 674, 6 S. E. (2d), 517. The decision on the former appeal decided the questions now presented, and is therefore conclusive on the points so adjudged. For this reason the distinction between the case at bar and *N. C. R. R. v. Story,* 268 U. S., 286, cited by defendant, is apparent.

Judgment affirmed.