JOSEPH B. CHESHIRE, JR., TRUSTEE UNDER THE WILL OF LAURA F. COSBY, v. FIRST PRESBYTERIAN CHURCH OF RALEIGH; PRESBYTERIAN ORPHANS' HOME, AND EDWIN S. HARTSHORN, ADMINISTRATOR OF B. H. COSBY.

(Filed 2 May, 1945.)

**1. Estoppel § 6d—**

>      In a suit by a successor trustee under a will, after the death of the life beneficiary, against the administrator of the life beneficiary and the ultimate beneficiaries, the said administrator attacking by cross action the authority of the former trustees, the accounts and the general handling of the trust by plaintiff and his predecessor trustees, plaintiff having pleaded estoppel against such administrator as to any claim against the former trustees and there being evidence tending to show that testatrix died in 1919 and her executor settled her estate in 1920 and acted as trustee to his death in 1928 when, in a proceeding for that purpose, the second trustee was appointed and on his death in 1932 the plaintiff was appointed in another proceeding, the life beneficiary being a party to both proceedings, and that regular accounts were filed by the executor and all three trustees and approved, all without any objection or question from the life beneficiary, who was under no disability from 1919 to his death in 1940, such conduct of the life beneficiary constitutes an estoppel against his administrator and the findings of fact and conclusions of law by the court below on the plea of estoppel must be upheld.

CHESHIRE *v.* FIRST PRESBYTERIAN CHURCH.

**2. Reference § 13: Trial § 39—**

A party, who would preserve his right to a jury trial in a compulsory reference, must object to the order of reference at the time it is made, and on the coming in of the report of the referee, if it be adverse, he should seasonably file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered.

**3. Trial § 38: Reference § 13: Appeal and Error § 49a—**

In a compulsory reference, objected to and jury trial demanded, on the coming in of the referee's report, issues tendered by the objecting party, which have already been answered as matters of law by this Court on a former appeal in the same case, are not appropriate issues, the opinion on the former appeal being conclusive.

**4. Appeal and Error § 49a—**

A ruling of the court below in accordance with a decision of this Court on a previous appeal in the same case, based upon the same facts, must be upheld, as such decision is the law of the case.

**5. Trial §§ 38, 39: Reference § 13—**

Where pleadings allege conclusions of the pleader and present questions of law, but do not raise issues of fact for the jury, and the issues tendered are not pointed out in the exceptions and raised by the pleadings, they are not such issues as give the party tendering them the right to a trial by jury.

**6. Reference § 12—**

In a hearing on exceptions filed by appellant to the report of a referee, on a compulsory reference, no proper issues pointed out in exceptions and raised by the pleadings being tendered, where the court below denied a jury trial and considered the exceptions, reviewed the evidence before the referee, gave its opinion and conclusion, both upon the facts and the law, and entered judgment accordingly, which resulted in a modification and confirmation of the referee's report, the judgment of the court below will be upheld.

**7. Fiduciaries § 2: Trusts § 12—**

In administering a trust fund under a will, which directed that the estate be reduced to cash and the money be invested in interest bearing securities, there is no liability on the part of the trustee for loss on loans, in the absence of evidence tending to show that they were inadequately secured at the time they were made, and there being no evidence that the investments were not made in good faith or that the trustee failed to exercise due diligence in his efforts to collect same.

APPEAL by defendant, Edwin S. Hartshorn, Administrator of B. H. Cosby, from *Grady, Emergency Judge,* at October Term, 1944, of WAKE.

This case has been here three times prior to the present hearing. First at the Fall Term, 1941, reported in 220 N. C., 392; then at the Spring

Term, 1942, reported in 221 N. C., 205, and again at the Fall Term, 1942, reported in 222 N. C., 280.

Since the last appeal, a hearing before a referee has been held, report of the referee filed, exceptions filed thereto, issues tendered and a jury trial demanded by the appellant.

His Honor heard this cause upon the exceptions filed by the defendant, administrator, and held that the right to a trial by jury had not been preserved; modified and affirmed the report of the referee and entered judgment accordingly.

The defendant, administrator, appeals, assigning error.

*Paul F. Smith for plaintiff.*
*James I. Mason for defendant.*

DENNY, J.   Substantially all the facts pertinent to this appeal are to be found in the former opinions of this Court referred to above.   However, we deem it proper to give a resume of them.

Laura F. Cosby died in 1919, leaving a last will and testament.   She directed her executor, W. N. Jones, to pay her debts and convert her remaining property into money and hold and invest the same in interest-bearing securities, and to pay the income therefrom to her brother, B. H. Cosby, for his natural life.   After the death of B. H. Cosby, the *corpus* of the fund was directed to be paid to Barium Springs Orphanage and the First Presbyterian Church of Raleigh, for certain charitable purposes.   W. N. Jones qualified as executor, collected the assets, paid the debts of the estate and filed his final account as executor in 1920.   Thereafter he handled the assets of the estate as Trustee until his death in 1928.   In a special proceedings, instituted by the executrix of W. N. Jones, in Wake County, William Bailey Jones was appointed Trustee under the will of Laura F. Cosby, to succeed W. N. Jones.   In 1932, William Bailey Jones died and another special proceedings was instituted before the Clerk of the Superior Court of Wake County, and Joseph B. Cheshire, Jr., was appointed Trustee under the will of Laura F. Cosby, 18 February, 1933, to succeed William Bailey Jones.   B. H. Cosby, the life beneficiary under the will of Laura F. Cosby, was a party to both special proceedings referred to above, and during his lifetime never questioned the validity of the appointment of the respective Trustees or the correctness of their accounts.

Plaintiff acted as Trustee under the will of Laura F. Cosby, pursuant to the above appointment, which appointment was validated by an order of Carr, J., entered at the June Term, 1942, of the Superior Court of Wake County, and affirmed by this Court at the Fall Term, 1942, reported in 222 N. C., 280, 22 S. E. (2d), 566.

The present Trustee received, in February, 1933, all the assets of the trust fund, as shown in the final account filed in the office of the Clerk of the Superior Court of Wake County, 20 January, 1933, for and on behalf of William Bailey Jones, Trustee, after his death. And when the plaintiff filed his first annual report, he listed and gave a description of each security received by him from the personal representative of the former Trustee. In this report, the plaintiff stated the securities were of uncertain value and recommended to the court that foreclosure be withheld unless absolutely necessary. This recommendation was suggested by B. H. Cosby, the life beneficiary, in a letter to the plaintiff dated 1 February, 1933, and repeated several times thereafter in letters to the Trustee. Mr. Cosby likewise wrote Mr. Cheshire that he knew the difficulties "he was up against," in administering the trust, and that he did not blame him "for the conditions that existed."

To his Honor's findings of fact, conclusions of law and judgment entered pursuant thereto, the appellant presents forty-four exceptions for our consideration. We deem it unnecessary to discuss them *seriatim,* and shall not attempt to do so.

The appellant challenges the correctness of the reports of the present Trustee and the authority of the former Trustees to act under the last will and testament of Laura F. Cosby, as well as the correctness of their reports filed in the office of the Clerk of the Superior Court of Wake County, which reports have been approved by the clerk.

His Honor held that the defendant, Edwin F. Hartshorn, Administrator of B. H. Cosby, deceased, "stands in the shoes of his intestate. B. H. Cosby was under no disability between the year 1919 and the date of his death in 1940. He had a perfect right to bring action against W. N. Jones or William Bailey Jones or their personal representatives, or against the plaintiff, Mr. Cheshire, for any maladministration of the trust. The court is of the opinion that the conduct of B. H. Cosby as set forth in the findings of fact constitutes an estoppel against his administrator to maintain his cross action in so far as it relates to administration of the trusts of W. N. Jones and William Bailey Jones." W. N. Jones died in October, 1928, and William Bailey Jones died in August, 1932. B. H. Cosby did not die until 14 November, 1940, more than twelve years after the death of W. N. Jones, and more than eight years after the death of William Bailey Jones. The plaintiff, in his reply to the cross action of the defendant, Administrator, pleaded estoppel as to any claim against the former Trustees. We think his Honor's findings of fact and conclusion of law on the plea of estoppel must be upheld. *Sugg v. Credit Corporation,* 196 N. C., 97, 144 S. E., 554; *Meyer v. Reaves,* 193 N. C., 172, 136 S. E., 561; *Holloman v. R. R.,* 172 N. C., 372, 90 S. E., 292; 19 Am. Jur., sec. 62, p. 676, *et seq.*

We come now to the question whether or not the issues, nine in number, submitted by the appellant are appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings.

In the case of *Cotton Mills v. Maslin,* 200 N. C., 328, 156 S. E., 484, *Stacy, C. J.,* speaking for the Court, said: "A party who would preserve his right to a jury trial in a compulsory reference must object to the order of reference at the time it is made, and on the coming in of the report of the referee, if it be adverse, he should seasonably file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Wilson v. Featherstone,* 120 N. C., 446, 27 S. E., 124; *Yelverton v. Coley,* 101 N. C., 248, 7 S. E., 672." *Texas Co. v. Phillips,* 206 N. C., 355, 174 S. E., 114; *Anderson v. McRae,* 211 N. C., 197, 189 S. E., 639; *Gurganus v. McLawhorn,* 212 N. C., 397, 193 S. E., 844; *Brown v. Clement Co.,* 217 N. C., 47, 6 S. E. (2d), 842.

The first issue is typical of eight of the nine issues tendered and is as follows: "Was the plaintiff the duly appointed qualified and acting trustee under the will of Laura F. Cosby, as was alleged in the plaintiff's petition and denied by this defendant's answer?"

The question contained in the above issue was answered as a matter of law in the opinion of this Court, reported in 221 N. C., 205, 19 S. E. (2d), 855. The defendant herein again appealed from a judgment of the Superior Court in this action, which judgment was in accord with the above opinion, and the Court said: "The rulings of the court below were in accord with the opinion of this Court and must be upheld. The decision of this Court on the previous appeal, upon the same facts then and now presented, constituted the law of the case. *Pinnix v. Griffin,* 221 N. C., 348; *Robinson v. McAlhaney,* 216 N. C., 674, 6 S. E. (2d), 517. The decision on the former appeal decided the questions now presented, and is therefore conclusive on the points so adjudged." *Cheshire v. Church,* 222 N. C., 280, 22 S. E. (2d), 566.

The eight issues referred to above raise no pleaded issues of fact, but only questions of law.

The ninth issue tendered is as follows: "Has the plaintiff fully, justly and truly accounted for the income of the estate of Laura F. Cosby, so that from the evidence the amount of the income and *corpus* can be determined in order to close and settle the estate under the express will of Laura F. Cosby? (a) Has the plaintiff prudently and skillfully managed and attended to the affairs and received and collected the funds of the estate of Laura F. Cosby? (b) In what amount has the life beneficiary suffered a loss or damage by the failure of the plaintiff to competently, prudently, honestly and justly, as well as loyally, manage, collect and

account for the estate of Laura F. Cosby under her expressed will?" This issue is not properly raised by the pleadings. The pleadings allege conclusions of the pleader and present questions of law, but do not raise issues of fact for the jury. The appellant has tendered no issue pointed out by the exceptions and raised by the pleadings, which gives him the right to a trial by a jury.

In view of the above conclusions, it is immaterial whether or not the appellant waived his right to a trial by jury by not excepting to the second Order of Reference, which affirmed the original Order and appointed another Referee, the original appointee being unable to serve.

In the hearing below on the exceptions filed by the appellant to the report of the Referee, his Honor considered the exceptions, reviewed the evidence taken before the Referee, gave his opinion and conclusion, both upon the facts and the law, and entered judgment accordingly, which resulted in a modification and confirmation of the report of the Referee. A careful consideration of all the exceptions leads us to the conclusion that the judgment of the court below must be upheld. *Anderson v. McRae, supra.*

The funds received from the estate of Laura F. Cosby by the former Trustees were loaned to individuals and secured by deeds of trust or mortgages on real estate, except in three instances where small sums were loaned and secured by chattel mortgages. All these loans were made prior to the appointment of the present Trustee. There is no evidence tending to show they were inadequately secured at the time they were made. The security in many instances became inadequate during the financial depression which began in 1929. As a result, the life beneficiary sustained substantial loss on income and the *corpus* of the trust fund has sustained considerable losses. However, there is no evidence on this record that the investments were not made in good faith or that the present Trustee has not exercised due diligence in his efforts to collect the notes outstanding at the time he was appointed Trustee. *Sheets v. Tobacco Co.,* 195 N. C., 149, 141 S. E., 355.

It will be noted that the ultimate beneficiaries under the will of Laura F. Cosby, to wit, Barium Springs Orphanage and the First Presbyterian Church of Raleigh, have never questioned the acts or the good faith of the respective Trustees.

The judgment of the court below is

Affirmed.