ALICE E. SIMMONS AND RAYMOND L. SIMMONS v. DALTON LEE.

(Filed 13 April, 1949.)

**1. Appeal and Error § 6c (3)—**

Exceptions to findings of fact made by the referee in a compulsory reference are not presented on appeal when there are no exceptions to the findings of fact set out in the judgment confirming the report of the referee.

**2. Appeal and Error § 40a—**

A sole assignment of error to the signing of the judgment presents only whether the facts found by the trial court are sufficient to support the judgment, and whether error of law appears upon the face of the record.

**3. Reference § 14a: Constitutional Law § 22—**

While a compulsory reference, G.S. 1-189, does not deprive either party of his constitutional right to trial by jury on the issues of fact arising on the pleadings, such right is waived by failure to follow the appropriate procedure.  Constitution of N. C., Art. IV, Sec. 13.

**4. Reference § 14a—**

In order to preserve right to trial by jury in a compulsory reference, a party must object to the order of reference at the time it is made, file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out by the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered.

**5. Same—**

A party should not tender issues as to questions of fact presented by his exceptions to the findings of the referee, but should tender issues of fact arising on the pleadings and relate his issues of fact to his exceptions and to the findings of fact by number, and demand a jury trial as to each of such issues.

**6. Boundaries § 7: Quieting Title § 2—**

Where defendant in a processioning proceeding denies petitioners' title and pleads twenty years adverse possession as a defense, G.S. 1-40, the proceeding is assimilated to an action to quiet title, and the clerk should transfer the cause to the civil issue docket for trial upon the issues of whether petitioners own the land described in the petition and as to the location of the land so described.  G.S. 1-399.

**7. Reference § 14a—**

Where compulsory reference is ordered in a processioning proceeding upon defendant's denial of petitioners' title and plea of title by twenty years adverse possession, defendant's exception to the order of reference and exceptions to findings of fact made by the referee do not entitle him to a jury trial when he tenders issues which relate only to questions of fact based upon his exceptions and fails to tender issues of fact which

arise upon the pleadings and to relate such issues to his exceptions and
to the findings by their respective numbers.

**8. Adverse Possession § 7—**

Where the deed under which a party immediately claims fails to embrace
within its description a contiguous strip of land, such party may not tack
the possession of his predecessors in title as to such strip.

APPEAL by defendant from *Frizzelle, J.,* at November Term, 1948, of
CRAVEN.

Special proceeding begun 13 April, 1945, before Clerk of Superior
Court of Craven County under provisions of Chapter 38 of General
Statutes to determine the true boundary between lands of petitioners
and of defendant. Upon defendant denying petitioner's title to land
described in petition, the proceeding was converted into an action in the
nature of an action to quiet title. G.S. 1-399. G.S. 41-10.

Petitioners allege in their petition that they are the owners of certain
described land in Craven County, conveyed to F. E. Simmons, their
husband and father, respectively, by a certain deed, and that defendant
owns certain land adjoining the land of petitioners, and that defendant
disputes the correctness of the boundary lines of petitioners as set out in
said deed,—particularly a certain specified line.

Defendant, in answer to said petition, denies the paragraph of the
petition in which petitioners allege that they are the owners of the land
therein described, but admits that he is the owner of land adjoining the
land of petitioners, and that he disputes the correctness of the boundary
line of the land as claimed by the petitioners.

And *for a further defense,* defendant avers: (1) What he contends to
be the dividing line between the two tracts of land, that is the Marshall
ditch; (2) that prior to the bringing of this proceeding he and his prede-
cessors have had adverse possession of the lands up to and on his side of
the dividing line as he contends it to be, "using, occupying, cultivating
and enjoying the land for the full term of twenty years"; (3) that peti-
tioners and their predecessors in title have always recognized and ad-
mitted the Marshall ditch as the boundary line, and for many years
petitioners' ancestors in title have admitted and acknowledged defend-
ant's title to the lands up to and abutting the Marshall ditch, and have
rented from defendant the cleared land thereon and cultivated the same
as tenant of, and paying annual rent therefor to defendant up to and
including the year of his, F. E. Simmons', death; that petitioner Ray-
mond L. Simmons has admitted and acknowledged defendant's title, right
and possession of said land up to and abutting the Marshall ditch, and
has rented from defendant the cleared land thereon up to said ditch
during the years 1943 and 1944, during which two years he had paid to

defendant rent therefor; (4) that defendant admits that the petitioners are owners of so much of the land described in the petition as lies southeast of the Marshall ditch; and (5) that petitioners are estopped from claiming or asserting any right or title to any of the lands north or northwest of the Marshall ditch. Thereupon defendant prays that the Marshall ditch be declared the boundary line, and that he be declared the owner of all the lands abutting said Marshall ditch and to the north or northwest side thereof, and for such other relief as he may be entitled to, and for costs.

Petitioners, replying to the further defense of defendant, deny each and all of the averments.

The record next shows that at the October Term, 1946, of Superior Court of Craven County, the presiding judge entered an order of compulsory reference, to which both petitioners and defendant excepted.

The report of the referee shows that pursuant to the order of reference hearings were had and testimony of witnesses was taken and transcribed, —a copy of which was filed with the report. (It does not appear in record on this appeal.) Then after stating the claims of petitioners as to location of the land they claim to own, as shown on map in evidence, and the claim of defendant as to location of his land as shown on the map, the referee described the land in dispute as shown on the map, as containing 10.8 acres. The report shows:

(1) That petitioners claim under deed made by H. A. Marshall to A. D. Marshall 13 October, 1919, filed for registration 15 October, 1919, and registered, in which the land conveyed is described (in pertinent part) as follows: Beginning at the 9th corner of a grant to James Keith . . . an iron stob . . . running with Keith's line of marked trees north 45 deg. east 112 poles to another iron stob *in the line of ditch cut by C. C. Cannon; thence with said ditch and its courses continued 100 poles; thence south 65 deg. west to Dogwood Branch;* thence down the various courses of said run of branch to the Beginning, containing 40 acres; and

(2) That defendant claims under deed made by Ila Lee to her husband, Dalton Lee, 18 April, 1944, and registered, in which the land conveyed is described (in pertinent part) as follows: *"Beginning on James Keith's patent line with ditch cut by C. C. Cannon; running thence with said ditch and courses continued northwestwardly 100 poles to Simmons' corner;* thence south 65 west *with Simmons' line to the James Keith's patent line, etc.* . . . to the Beginning" being the same land conveyed by W. W. Griffin, Trustee, to Ila Lee, 20 March, 1928, by deed recorded . . ., and on back through *mesne* conveyance to a deed from H. A. Marshall and Eleanor Marshall to E. W. Bryan, dated 21 November, 1919, and filed for registration 22 November, 1919, and registered.

The report then contains eighteen separate and specific findings of fact, and seven conclusions of law, to the effect: (1) That the parties claim and derive title from a common source,—the deed therefrom under which petitioners claim ante-dating in execution and registration that under which defendant claims and derives title; (2) that the deed under which petitioners claim covers the land in dispute, and the deed under which defendant claims does not cover the land in dispute; and (3) that defendant and those under whom he claims have not had adverse possession of the land in dispute for twenty years; and so on, all to the conclusion that the land in question is the property of the petitioners.

The defendant filed exceptions to thirteen of the findings of fact. And further excepted to the report of the referee: (1) For that the referee did not find that defendant and his predecessors in title had been in adverse possession of the land in question for more than 20 years; (2) for that the defendant "set up by answer and pleaded title to the land in controversy through adverse possession"; and (3) for that all of the evidence tended to show and did show that defendant and his predecessors in title were in adverse possession of the land in controversy under known and visible lines and boundaries, within the enclosure of a fence, and up to and along the line of the Marshall ditch.

Thereupon defendant demanded that the issues raised and presented by the pleadings and on the exceptions to the findings thereinbefore set forth be submitted to a jury, and to that end submitted these issues:

"1. Has the respondent Dalton Lee and his predecessors in title been in the open, peaceful, uninterrupted, adverse and notorious possession of the lands abutting and on the north side of the Marshall ditch, and within the fence for more than 20 years preceding the bringing of this proceedings, actually possessing and claiming the same as alleged?

"2. Have the petitioners and their predecessors in title recognized and admitted the said Marshall ditch as the location of the boundary line between the lands of the petitioners and respondents?

"3. Did the petitioners and their ancestors in title point out to the respondent or his predecessors the Marshall ditch as the common boundary line?

"4. Have the petitioners or their ancestors in title at any time within 20 years before the bringing of this proceeding claimed or asserted any right or title to any part of the lands in controversy to the north of said Marshall ditch or at any time denied to the respondent his right and title up to said ditch?

"5. Have the petitioners or their ancestors in title rented from the respondent the land to the north of said Marshall ditch and within the presently disputed area, and if so, have they paid the rent therefor in

recognition of the respondent's right and title thereto during the several years before bringing of this proceedings?"

Defendant further excepted to each of the conclusions of law as set out in the report of the referee.

Thereafter, when the cause came on for hearing upon the exceptions of the defendant, the presiding judge found "as a fact that the purported exceptions of the defendant were not in form and manner a compliance with the requirements of the laws of North Carolina as in such cases made and provided and not in accordance with the course and practice of the courts in respect to the filing of such exceptions." And "the court, in order to make a determination of the matter despite the above finding, having fully considered the alleged exceptions upon the merits of the cause, and . . . finding as a fact that said exceptions are without merit and the same should be overruled, and the referee's report confirmed," ordered and adjudged that the report of the referee be confirmed both as to his findings of fact and his conclusions of law, and such findings of fact and conclusions of law being incorporated in and made a part of the judgment. And pursuant thereto the court adjudged that the petitioners are the owners of and entitled to the possession of the land described in the petition,—located as delineated on the court map to include the area in question.

Defendant appeals therefrom to the Supreme Court and assigns error.

*R. E. Whitehurst for plaintiffs, appellees.*
*W. H. Lee and Guion & Rodman for defendant, appellant.*

WINBORNE, J.   While the record on this appeal discloses that defendant filed numerous exceptions to the findings of fact made by, and appearing in the report of, the referee, it fails to show any assignment of error based on exception to the findings of fact as made by the trial judge before whom the report of the referee came for consideration on the exceptions filed. Hence the exceptions to the findings of fact made by the referee are not presented on this appeal. *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6.

And the only assignment of error presented on the appeal is to the signing of the judgment from which the appeal is taken. Such assignment of error raises only the questions (1) as to whether the facts as found by the judge are sufficient to support the judgment, *Vestal v. Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427; *Hylton v. Mt. Airy,* 227 N.C. 622, 44 S.E. 2d 51; *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51; *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 21; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22; *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884, and numerous other cases; and (2) whether error in matters of law

appears upon the face of the record.   *Query v. Ins. Co.,* 218 N.C. 386, 11 S.E. 2d 139; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Smith v. Smith,* 226 N.C. 506, 39 S.E. 2d 391; *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555.

As to the first: That the findings of fact are sufficient to support the judgment is not debated in this Court.

But as to the second: Defendant contends that the judgment is erroneous in that it appears upon the face of it that the trial judge found as a fact and ruled as a matter of law that the exceptions filed by defendant to the report of the referee are "not in form and manner a compliance with the laws of North Carolina as in such cases made and provided, and not in accordance with the course and practice of the courts in respect to the filing of such exceptions." The challenge to this ruling brings into focus this question: Has defendant preserved his right to a trial by jury?

In this connection it is provided by statute in this State, G.S. 1-189, that compulsory reference, under the provisions of the statute, does not deprive either party of his constitutional right to a trial by jury of the issues of fact arising on the pleadings. But the right to trial by jury in civil actions may be waived, Const. of N. C., Art. IV, Sec. 13. *Chesson v. Container Co.,* 223 N.C. 378, 26 S.E. (2d) 904. And "a party who would preserve his right to a jury trial in a compulsory reference must object to the order of reference at the time it is made, and on the coming in of the report of the referee, if it be adverse, he should seasonably file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered,"—*Stacy, C. J.,* in the case of *Cotton Mills v. Maslin,* 200 N.C. 328, 156 S.E. 484.   See also *Booker v. Highlands,* 198 N.C. 282, 151 S.E. 635; *Brown v. Clement Co.,* 217 N.C. 47, 6 S.E. 2d 842; *Cheshire v. First Presbyterian Church,* 225 N.C. 165, 33 S.E. 2d 866; *Penland v. Church,* 227 N.C. 699, 41 S.E. 2d 654; *Cherry v. Andrews,* 229 N.C. 333, 49 S.E. 2d 641, and numerous other cases.

In *Brown v. Clement Co., supra,* on the subject of the requirements of the rule as to preserving right to trial by a jury in a compulsory reference case, *Barnhill, J.,* speaking for the Court, had this to say: "Notwithstanding an order of reference, a determination of the issues of fact raised by the pleadings and the evidence in the case remains as the primary purpose. A jury trial does not extend to every finding of fact made by the referee and excepted to by the parties, but only to issues of fact raised by the pleadings and passed upon by the referee. McIntosh, Sec. 525. Questions of fact may not be substituted for issues merely because there is a controversy, as disclosed by the exceptions, as to what the facts are. McIntosh, Sec. 525 (4). Every fact found by the referee, if perti-

nent, relevant and material, necessarily relates to one of the controverted issues of fact. Correctly interpreted, the rule simply requires the litigant, who seeks to preserve his right to trial by jury to tender issues raised by the pleadings based on the facts pointed out in the exceptions, and, as to each issue, to definitely and specifically demand a jury trial thereon, and, further, by specific reference, to relate the issue to his exceptions to the findings of fact which bear upon and relate to that particular issue."

Indeed, in the case of *Cherry v. Andrews, supra,* reference to the record on appeal there presents this manner of practical application of the rule so spelled out in *Brown v. Clement Co., supra.* There, for example, in stating exceptions, defendant again excepted to the order of reference, and to certain of the findings of fact and conclusions of law of the referee, and "upon the foregoing objections and exceptions to the referee's report, the defendants tender the following issues and demand trial by jury on each objection and exception covered by the issues herewith submitted: 1. Are the plaintiffs the owners of, and entitled to the possession of lands lying East of a line . . . ?", followed by the statement that "said issue is more particularly raised by the defendants' exceptions Nos. 1, 2, 3, 4, 5 and 8," and so on.

When the present case is tested by the rule, as thus interpreted by this Court, it is seen that defendant objected to the order of reference at the time it was made, and on the coming in of the report of the referee, it being adverse, he filed exceptions to particular findings of fact made by the referee, and tendered issues he contends arise upon the pleadings, and demanded a jury trial thereon. But it is seen that the exceptions taken are not expressly related to any special issue,—as suggested in *Brown v. Clement Co., supra.* And the issues of fact submitted by defendant are not the issues arising on the pleadings.

In this connection, where in a special proceeding under Chapter 38 of General Statutes, formerly C.S. 361 and 362, Revisal 325 and 326, Laws 1893, Chapter 22, to establish a boundary line, the defendant, by his answer, denies the petitioner's title and pleads the twenty years' adverse possession under G.S. 1-40, as a defense, the proceeding is assimilated to an action to quiet title and the Clerk, as directed by G.S. 1-399, formerly C.S. 758, Revisal 717, should "transfer the cause to the civil issue docket for trial during term upon all issues raised by pleadings," in accordance with rules of practice applicable to such actions originally instituted in that court. *Woody v. Fountain,* 143 N.C. 66, 55 S.E. 425. See also *Smith v. Johnson,* 137 N.C. 43, 49 S.E. 62; *Davis v. Wall,* 142 N.C. 450, 55 S.E. 350; *Brown v. Hutchinson,* 155 N.C. 205, 71 S.E. 302; *Hill v. Young,* 217 N.C. 114, 6 S.E. 2d 830; *Calaway v. Harris,* 229 N.C. 117, 47 S.E. 2d 796; *Roberts v. Sawyer,* 229 N.C. 279, 49 S.E. 2d 468.

In such case the issues raised by the pleadings are (1) whether petitioners own the land described in his petition, and (2) as to the location of the land so described. In the present case defendant did not tender issues pertinent thereto. Therefore he has waived his right to a trial by jury.

But in any event, it would seem that in accordance with defendant's claim asserted before the referee his plea of twenty years adverse possession is unavailing to him. The report of the referee indicates that defendant claims immediately under a deed from Ila Lee, his wife, dated 18 April, 1944. And the referee finds that that deed conveyed no part of the land in dispute. In such case defendant, as grantee in that deed, would not be entitled to tack the adverse possession of his predecessor or predecessors in title as to a parcel of land not embraced within the description in his deed. See *Boyce v. White,* 227 N.C. 640, 44 S.E. 2d 49; *Ramsey v. Ramsey,* 229 N.C. 270, 49 S.E. 2d 476, and cases therein cited.

For reasons hereinabove stated, no error is made to appear on this appeal, and, hence, the judgment below is

Affirmed.